200 7000SSIA

163

# Court of Appeals, State of Michigan

## ORDER

People of MI v Gary S Hann

Docket No.    267027

LC No.    2002-183974-FH

F I L E D

MAR - 2 2007

CLERK'S OFFICE
DETROIT

Christopher M. Murray
Presiding Judge

Kathleen Jansen

Pat M. Donofrio
Judges

The Court, acting under MCR 7.203(F)(2), orders that the motion for reconsideration is DENIED for lack of merit.

Presiding Judge



A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

Gary S. Hann v Shirlee S. Harry
USDC Number 86-CV-13478
Honorable Nancy G. Edmunds

MAR 2 4 2006

Date

Sandra Schultz Mengel

Chief Clerk

STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE
    Plaintiff-Appellee,

v.

GARY S. HANN
    Defendant-Appellant.

_____/

COA No. 267027

L.C. Case No. 2002-183974-FH

MOTION FOR RECONSIDERATION OF 3/1/06 ORDER

Now comes Defendant-Appellant GARY S. HANN who deposes and says as follows:

## COMPLETE FACTUAL INNOCENCE

1. He is completely factually innocent of the charges, having never been at the place or time of any purported "sting operation" meeting place.

## NO PLEA, NO TRIAL, NO FACTUAL BASIS

2. The indisputable proofs show that the Trial Court had no jurisdiction whatever to convict Appellant.

3. He has never been lawfully arraigned by the Circuit Court, made no plea nor had a trial, and had not a word of factual basis, nor any actual assistance of counsel.

4. The Prosecutor and Defense Counsel unlawfully and untruthfully gave unsworn testimony that he was guilty.

## PROSECUTOR AS WITNESS

— 1 —

5.  There is not a single word of evidence on the entire record.

6.  This Forum is one of Equity; a single person such as the Chief Judge should not be permitted to deprive Appellant of at least a 3-judge panel.

7.  Should anyone personally known to the Judges of this Court be imprisoned without arraignment, plea, trial, counsel, or evidence, the court and public would be appalled and incensed.

8.  Further, this Court expected Defendant-Appellant to file a full appeal within a period of about eight (8) days during a holiday period according to its ruling.

9.  Such a feat would be, and was, impossible for an inmate.   (See Appellant's Affidavit of Delay).


CONVICTION  REPUGNANT  TO  CONSTITUTIONAL  DUE  PROCESS

10.  There having been no constitutionally mandated Due Process, innocent Appellant has been highly prejudiced and has heretofore been denied any recourse whatever.


RELIEF  REQUESTED

Appellant prays that this Honorable Court reverse his unlawful conviction and sentence, and remand to the Trial Court for proceedings consistent with such reversal.

Date:  March 3, 2006

_____ Gary S. H___
                    Gary S. Hann


PROOF  OF  SERVICE

Today I placed a single copy of this pleading in an envelope addressed to the address of record of the Court of Appeals and the Oakland County Prosecutor, and

— 2 —

thereupon turned it over to an MDOC Official for first class US mailing through the Expedited Legal Mailing System of the MDOC.

Date:  March __6__ , 2006

_____
Gary S. Hann

2005 MAR -8 PM 2: 13
SANDRA SCHULTZ MENGEL
CHIEF CLERK

# IN THE MICHIGAN COURT OF APPEALS

## ORDER

Re: **People of MI v Gary S Hann**
Docket No. **267027**
L.C. No. **2002-183974-FH**

orders:    William C. Whitbeck, Chief Judge, acting under MCR 7.203(F)(1) and 7.216(A)(10),

The motions for immediate consideration are DENIED.

The delayed application for leave to appeal from the December 22, 2004 order denying appellant's postjudgment motion to vacate the December 6, 2002 judgment of sentence, the motions for peremptory reversal, and the motion for immediate appointment of appellant counsel are DISMISSED for lack of jurisdiction. A review of appellant's pleadings showed that he is once again challenging the validity of the December 2002 judgment of sentence. Under the court rules, appellant had 21 days after the entry of the December 2004 order to file a delayed application for leave to appeal if he wanted to challenge this judgment of sentence. MCR 7.205(F)(4). As noted in an earlier appeal, this Court lacked jurisdiction since appellant failed to file his appeal within the time provided by the court rules. *People v Hann*, Unpublished order of the Court of Appeals, Decided June 15, 2005 (Docket No. 263051), lv den ___ Mich ___; ___ NW2d ___ (2005). There is nothing in this case that suggests a different result.

A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

**MAR - 1 2006**
Date

Sandra Schultz Mengel
Chief Clerk

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

PEOPLE

                    Plaintiff,                    Case No. 2002-183974-FH

v.

GARY S. HANN                                      Hon. DEBORAH G. TYNER

                    Defendant.
—————————————————/


## MOTION FOR RECONSIDERATION OF 12/22/04 ORDER

Now comes Defendant GARY S. HANN who deposes and says as follows:

1. Defendant respectfully timely petitions for reconsideration under MCR 2.119(F) of this Court's Order of December 22, 2004; within three days of receiving it on 12/27/04 at 4:25 PM, he proffers and serves this Motion.

2. The Court made numerous palpable errors which denied Defendant his Due Process and other unwaivable constitutional rights.

3. Granting relief in this Motion would not constitute any ruling on Defendant's guilt or innocence, and would in no way prohibit the Prosecutor from proceeding ab initio.

4. Defendant asserts and testifies that had this Honorable Court and the parties properly analyzed the settled, controlling law, including established US Supreme Court stare decisis, the court would not have tendered the Order in the form which it did, but rather would have vacated Defendant's illusory "non-plea" and subsequent conviction to prevent a facial miscarriage of justice.

- 1 -

5.  A different disposition must result based on full consideration of the applicable statutes and their long settled interpretations.

6.  At Defendant's 12/6/02 sentencing, this Court stated proudly that "I actually read the cases". (Transcript, p. ___). This Code of Judicial Conduct Canon promise has clearly not taken place herein, nor have Defendant's Briefs ever been read or considered.

7.  Defendant has been completely denied an opportunity for oral arguments where he would certainly prevail; the prosecutor meanwhile has incredulously been allowed to offer testimonial "facts" not on the record, overtly violative of Crawford v. Washington, ___ US ___, ___ S.Ct. ___ (2004).

8.  Sadly, this Court seems to ignore the US Supreme Court in favor of its own home-spun methodology.

## NO FACTUAL BASIS WHATEVER ON THE RECORD

9.  There has never been a single word, nor an iota or scintilla of evidence against Defendant placed on this record, overtly violative of MCR 6.302(D)(2)(b), and also contrary to the litany of historic and long settled finding of the US Supreme Court culminating with:

" . . . [Respondant] correctly assumes here that if there is no support for these convictions on the record they are void as denials of due process."

" . . . we find no evidence whatsoever in the record to support these convictions . . . it [is] a violation [of due process] to convict and punish a man without evidence of his guilt." Thompson v. City of Louisville, 363 US 199, 80 S.Ct. 624, 628-629 (1960) (emphases added)

10.  The only facts on this otherwise woefully deficient record are Defendant's Affidavits, which entirely proclaim his complete innocence. The Order of 12/22/04 recites only the prosecutor's version of hearsay

materials, such as inadmissible and unspecified "police reports"; this Court commits plain, reversible error by making knowing reference in its 12/22/04 Order to such unsworn litanies.

11. Defendant has committed no overt act, and was never at the time or place of any purported "sting" operation "meeting"; Defendant would certainly prevail at any subsequent ab initio proceeding.

12. The Michigan Standard of Review for factual basis is whether the appellate forum may affirm a conviction based on the facts **on the record**. **People v. Booth**, 414 Mich. 343, 324 NW2d 741, 748 (1982). That the record is void on the prosecutor's side is undisputable and cannot be corrected after the 9/20/02 Plea Colloquy without violating constitutional due process.

13. This Court **must** comply with all Federal 6th Circuit and US Supreme Court decisions, and with all Michigan Higher Court published rulings since 1990; **MCR 7.215.**

## EQUAL PROTECTION MANDATES RELIEF RE MISSING FACTUAL BASIS

14. Defendant did not waive his right to a due process plea colloquy. **People v. Rodriquez**, 192 Mich.App. 1, 480 NW2d 287 (1991). Defendant may **always** challenge the jurisdictional defect of an inadequate factual basis. **People v. Mitchell**, 431 Mich. 744, 750, 432 NW2d 715 (1988); **People v. Bulger**, 462 Mich. 495, 614 NW2d 715 (2000), the latter cited approvingly by the US Supreme Court in the just-released **Kowalski v. Tesmer**, US No. 03-407, December 13, 2004.

15. In **People v. Martinez**, 123 Mich.App. 145, 333 NW2d 199, 200-201 (1983), the Court of Appeals declared without qualification that stipulations are not permissible; the court rules may not be circumvented:

" . . . the parties may not avoid the procedural requirements of the court rule [MCR 6.302(D)(2)(b)] merely by stipulating to

- 3 -

the admission of other evidence to provide support for the plea."

16. It is fully settled law that police reports are absolutely inadmissible in any criminal proceeding; MRE 803(8). Any attempt to admit a police report, particularly one whose identity is completely unspecified, is plain error by the trial court and thereby constitutes presumptive abuse of discretion.

17. In **People v. Rostick**, Supreme Court No. 119618, COA No. 241916, January 15, 2004, the Supreme Court recently specified that an adequate factual basis, at the Plea Colloquy rather than afterwards, is unambiguously mandatory in Michigan:

" . . . the trial court . . . accepted a plea without establishing "support for a finding that the defendant is guilty of the offense charged . . . ." In doing so, it acted contrary to MCR 6.302(D)(2)(b). Accordingly, defendant's . . . plea and conviction are vacated."

18. To afford indigent, counsel-less Defendant constititional Equal Protection with **Rostick**, supra, his wrongful plea and conviction must be vacated.

## FATAL VIOLATION OF MANDATORY COURT RULE MCR 6.302(E)

19. In his **MOTION TO WITHDRAW NOLO CONTENDERE PLEA**, ¶6, Defendant alleged that the 9/20/02 Plea Colloquy had failed to comport with the requirements of MCR 6.302(E) wherein the Court did not ask the Counsel if there were any off-the-record threats, promises or inducements.

20. The **PEOPLE's** reply, also ¶6, conceded that:

"The People admit that the court did not inquire of trial counsel or the prosecutor if either were aware of any promises, threats or inducements."

21. The fact that there was an inducement by Defendant's counsel to

- 4 -

reduce his fee only exacerbates what was an unlawful failure to inquire by the Court, mandating reversal.

## DEFENDANT NEVER MADE ANY PLEA!!!

22.   The transcript of the 9/20/02 Plea Colloquy shows with absolute clarity that Judge TYNER made the Nolo Contendere plea; it was not entered by Defendant HANN, fatally violative of MCR 6.301 and of any rational equitable process.

23.   Silence by Defendant at the plea proceeding does not constitute agreement with the Court's making of the plea. Boykin v. Alabama, 395 US 238, 89 S.Ct. 1709 (1969).

24.   After the Court accepted its own plea, it then absolutely and fatally failed to comply with the protections constitutionally afforded Defendant in MCR 6.302(D)(2)(a), because civil liability may not be used as a reason for permitting a Nolo Contendere plea in a "sting" operation with no victim. People v. Hill, 86 Mich.App. 706, 273 NW2d 532, 537 (1978).

## PROSECUTORIAL MISCONDUCT; FACTUAL BASIS COMPLETELY ABSENT; INEFFECTIVENESS OF COUNSEL

25.   At the 9/20/02 Plea Colloquy, the Court then incredulously sua sponte referred to an unspecified police report, which is not admissible under the instant circumstances; counsel was ineffective by not objecting. In the fully distinguishable People v. Johnson, 122 Mich.App. 26, 329 NW2d 520, (1982) a narrow non-instantly applicable exception was carved on a one-time basis by the Court of Appeals if the defendant was too drunk to remember anything about his crime.

26.   The Prosecutor on the record then committed gross and malicious

misconduct by stipulating that there was a factual basis, giving testimony which is universally barred, including under Crawford, supra. The defense counsel then committed presumptive ineffectiveness of counsel by also testifying, without permission, to his client's "guilt".

## RADICALLY DEFECTIVE COMPLAINT

27.   This Court lacked jurisdiction to proceed at all under a COMPLAINT which was unsigned, which lacked three essential elements of the alleged crime, and which contained one extraneous element; violative of constitutional due process fair notice as described in Russell v. US, 369 US 749, 763-764, 82 S.Ct. 1038 (1962); Hamling v. US, 418 US 87, 94 S.Ct. 2887, 2907 (1974); and a plethora of progeny.

28.   More specifically, Defendant alleged in his MOTION TO VACATE PLEA AS ILLUSORY AND TO DISMISS WITH PREJUDICE, ¶3, that the instant charge of MCL 750.145c(2) must always include the following requisite element:

"  .  .  . if the person knows, has reason to know, or should reasonably be expected to know that the child is a child, or that person has not taken reasonable precautions to determine the age of the child."

29.   The Prosecutor's response in its ¶3 admitted that the above is an essential element of MCL 750.145c(2), yet that element, inter alia, was completely absent from the COMPLAINT.

## ATTEMPT MUST BE CHARGED AND SENTENCED UNDER MCL 750.92(2)

30.   Defendant was not charged with the substantive crime of "child abusive sexual activity", but only with the inchoate and cognate (separate and distinct) "conspiring, attempting or preparing to arrange for" same. The Legislature has clearly indicated that any punishment must be mollified

accordingly:

> "The Legislature has indicated that in Michigan the penalty for an attempt to commit an offense shall be significantly less than the penalty for the substantive offense." **People v. Tinsky**, 394 Mich. 108, 228 NW2d 782 (1975)

> "Attempts to commit Class A, B, C or D offenses are classified as Class E offenses." **Felony Sentencing in Michigan**, page 12, Michigan Assigned Appellate Counsel System by Shiela Robertson Deming.

31.   On this issue, the 12/22/04 Order is diametrically in opposition to fully settled Michigan Higher Court decisions.

32.   "Impossibility" is central to the "sting" operation herein; the controlling jury instruction, **CJI2d 9.3**, unambiguously describes in its Official Commentary that **MCL 750.92(2)** (the General Attempt Statute) supercedes **MCL 750.145c(2)** in the exact instant circumstances.  In waiving **MCL 750.145c(2)**, under the circumstances cited in **People v. Thousand**, 241 Mich.App. 102 (2000), **CJI2d 9.3** specifically declares:

> "MCLA 750.92, MSA 28.287 applies to the person who attempts to commit an offense "but shall fail in the perpetration, or shall be intercepted or prevented in the execution of same."

33.   **MCL 750.92** also conclusively mandates, as construed and affirmed by the Supreme Court in **People v. Maxden**, 414 Mich. 16, 1920 (1982) that:

> " . . . in no case shall the imprisonment exceed 1/2 of the greatest punishment which might have been inflicted if the offense so attempted had been committed."

34.   Defendant has prominently cited **People v. Pritchett**, 62 Mich.App. 570, 233 NW2d 655, 658 (1975) which is promulgated authoritatively under the Official Annotations to **MCLA 750.92(2)**, the properly applicable statute.

35.   **Pritchett**, supra, 62 Mich.App. at 570, clearly holds under the Headnote "Criminal Law – Statutes – Attempts" as follows:

> "The statute which prohibits and provides punishment for attempts

to commit crimes, when no express provision otherwise is made
by law for the punishment of the attempted crime . . . is
applicable . . . (MCLA 750.92, 750.227)"

36.  **Pritchett**, supra, 62 Mich.App. at 574-575, unequivocally defines
what constitutes "express provision", to wit:

"  . . . a statute is express in the sense that it defines **only**
the offense for which the defendant was charged."

"In the instant case, the alternate statutes relied upon by
[respondant] **are not limited to the offense charged**." (emphases
added)

37.  The Prosecutor's asserted refutation, **People v. Wright**, 74
Mich.App. 297, 301 (1977), holds narrowly that an exception occurs only
if the definitions section of a statute unambiguously defines an attempt
as part of the substantive crime.

38.  An inspection of the instant definitions section shows that this
exception is inapplicable to MCL 750.145c.

39.  The Michigan Higher Courts have uniformly applied this settled
interpretation for about three decades.

40.  It is legally rock-solid and indisputable that Defendant therefore
was at most culpable under MCL 750.92(2), rather than under the incredulous
40 years of criminal charges actually invoked.


## PRESUMPTIVE INEFFECTIVE ASSISTANCE OF COUNSEL

41.  Defendant presented this issue under the unmistakably direct
umbrella of **US v. Cronic**, 466 US 648, 659-660, 104 S.Ct. 2039 (1984) where
it eminently declares that USCA Const.Amend. 6 has been violated when
Defendant's attorney entirely failed to subject the prosecution's case to
meaningful adversarial testing.

42.  This Court incorrectly applied the different, **Strickland**

- 8 -

(<u>Strickland v. Washington</u>, 466 US 668, 104 S.Ct. 2052 (1984)) standard.

43. The Court failed to comport with the US Supreme Court on this matter, constituting plain, reversible error.

## PROPORTIONALITY

44. It is inexplicable that Defendant was charged with 40 possible years' imprisonment, for alleged actions which are less than even an attempt, when going much further and engaging in full penetration CSC would have resulted in only 15 years of exposure. This gigantic discrepancy invokes <u>Solem v. Helm</u>, 463 US 277, 103 S.Ct. 3001, 3003, 3006, 3009 (1983); <u>People v. Milbourn</u>, 435 Mich. 630 (1990).

## VIOLATION OF COBBS AGREEMENT

45. Defendant was not told at the Plea Colloquy that his vehicle, computer, and retirement account were subject to seizure. Therefore, the state's taking of same violates contractural due process and warrants relief.

## RELIEF REQUESTED

Defendant prays that this Honorable Court expeditiously resentence him under MCL 750.92(2) as mandated by stare decisis of the Michigan Higher Courts, and grant other relief as appropriate.


Date: December 30, 2004


_____

Gary S. Hann

- 9 -

STATE OF MICHIGAN

IN THE CIRUIT COURT FOR THE COUNTY OF OAKLAND

PEOPLE

          Plaintiff,                          Case No. 2002-183974-FH

v.

GARY S. HANN                                  Hon. DEBORAH G. TYNER

          Defendant.

————————————/

PROOF OF SERVICE

Today I sealed copies of the above in envelopes, properly addressed to Judge  ₉ˢᵗ
TYNER, to the Oakland County Clerk, and to the Prosecutor, and thereupon ᴬᵀᵀᴱᴹᴾ ᵀᴼ
turned them over to my ARUS to apply the Expedited Legal Mail system for
final mailing.

Date:  December 30, 2004

                                        ————————————————————
                                             Gary S. Hann

STATE OF MICHIGAN

IN THE CIRUIT COURT FOR THE COUNTY OF OAKLAND

PEOPLE

       Plaintiff,               Case No. 2002-183974-FH

v.

                                    Hon. DEBORAH G. TYNER

GARY S. HANN

       Defendant.

_____/

AMENDED PROOF OF SERVICE

Now comes Defendant Gary S. Hann who deposes and says as follows:

I attempted to mail the enclosed documents at 10:00 AM on Thursday, December 30, 2004. However, after calling the Control Center, my RUO Officer Mr. Kreiser reported that it, and the remainder of the 4-day weekend, was a State of Michigan Official Holiday and that there was nobody at the HTF Facility who could take or sign for this legal mailing.

Initial delivery was also greatly delayed due to State of Michigan Holidays on December 23 and 24, 2004, constituting another 4-day weekend with no service.

Thus, I have handed over all envelopes with the referenced documents to my ARUS at the earliest possible opportunity on the morning of January 3, 2005.

Under penalty of perjury and pursuant to MCR 2.114(B)(2)(b), I declare that the above statement is true to the best of my knowledge, information and belief.

Date: January 3, 2005

                                _____
                                    Gary S. Hann

MICHIGAN DEPARTMENT OF CORRECTIONS
DISBURSEMENT AUTHORIZATION **(EXPEDITED LEGAL MAIL - PRISONER)**

4835-3318 5/02
CSJ-318

Please PRINT clearly illegible and/or incomplete forms will not be processed.

Lock: _H - 2 - 1_

Institution: _HTF_

Prisoner Number: _431007_

Prisoner Name (Print Clearly): _HANN_

☒ Legal Postage   ☐ Filing Fee $ _____   ☐ Certified Mail (Must Be a Court Ordered Requirement)

☐ New Case   ☒ Case Number _2002-183974-FH_

_MOTION FOR RECONSIDERATION OF 12/22/04 ORDER_

Pay To: _STATE OF MI_

Mailing Address: _HON. DEBORAH G. TYNER, OAKLAND COUNTY CIRCUIT COURT JUDGE, 1200 NORTH TELEGRAPH ROAD, COURTHOUSE TOWER, PONTIAC, MI 48341- ~~48341~~_

**The following section must be completed in Authorizing Staff Member's presence.**

Prisoner Signature: _Gary S. H_   Date &Time Submitted: _1/3/05 AT 9:05 AM_

Received By (Print Name & Title): _ARUS D. VoLINDE_   Staff Signature: _____

Date &Time Received by Authorizing Staff: _1/3/05   09:15 AM_

**Authorization Denied:**

☐ Does not meet definition of legal mail or court filing fee as identified in CFA OP 05.03.118.

☐ Not hand delivered to authorizing staff member.   ☐ New case or case number not on form.

☐ Does not include court order for handling as certified mail.   ☐ Other _____

☐ Prisoner refused to sign & date in staff member's presence.

**Section below to be completed by Mail Room Staff**

Placed in Mail by (Print Name & Title): _B. Willis, GCA_   Signature: _Pam Su..._

Postage Amount: $ _.60_   Date & Time Placed in Outgoing Mail: _1-3-05  5:30_

**Only Business Office Staff Are to Write in the Section Below**

| Obligation Amount | | Actual Expense | |
|---|---|---|---|
| | | | |
| | | | .60 |
| | | | |
| | | | |

☐ Court Filing Fee Denied due to NSF.

Date Posted: _1-4-05_

Date & Time Copy Sent to Prisoner: _1-4-05  12:50_

Processed By (Print Name & Title): _R Kukec   Acct Asst_   Signature: _R Kukec_

MICHIGAN DEPARTMENT OF CORRECTIONS

**DISBURSEMENT AUTHORIZATION (EXPEDITED LEGAL MAIL - PRISONER)**

4835-3318 5/02
CSJ-318

Please PRINT clearly illegible and/or incomplete forms will not be processed.

Lock: **H - 2 - 1**   Institution: **HTF**

Prisoner Number: **431007**   Prisoner Name (Print Clearly): **HANN**

☒ Legal Postage   ☐ Filing Fee $   ☐ Certified Mail (Must Be a Court Ordered Requirement)

☐ New Case   ☒ Case Number **2002-183974-FH**

MOTION FOR RECONSIDERATION OF 12/22/04 ORDER.

Pay To: **STATE OF MI**

Mailing Address: **MR. G. WILLIAM CADDELL, OAKLAND COUNTY CLERK, COURTHOUSE TOWER, 1200 NORTH TELEGRAPH ROAD, DEPT. 413 PONTIAC, MI. 48341-0413**

The following section must be completed in Authorizing Staff Member's presence.

Prisoner Signature: *Gary S. H*   Date & Time Submitted: **1/3/05 AT 9:45 AM**

Received By (Print Name & Title): **ALUS D. LALONDE**   Staff Signature: _____

Date & Time Received by Authorizing Staff: **1/3/05   0:45 AM**

**Authorization Denied:**

☐ Does not meet definition of legal mail or court filing fee as identified in CFA OP 05.03.118.

☐ Not hand delivered to authorizing staff member.   ☐ New case or case number not on form.

☐ Does not include court order for handling as certified mail.   ☐ Other _____

☐ Prisoner refused to sign & date in staff member's presence.

Section below to be completed by Mail Room Staff

Placed In Mail by (Print Name & Title): _____   Signature: _____

Postage Amount: $ **.60**   Date & Time Placed in Outgoing Mail: _____

Only Business Office Staff Are to Write in the Section Below

| Obligation Amount | Actual Expense | | |
|---|---|---|---|
| | | .60 | ☐ Court Filing Fee Denied due to NSF. |
| | | | Date Posted: **1-4-05** |
| | | | Date & Time Copy Sent to Prisoner: **1-4-05   12:30** |

Processed By (Print Name & Title): **R Kukec   Acct Asst**   Signature: **R Kukec**

MICHIGAN DEPARTMENT OF CORRECTIONS

DISBURSEMENT AUTHORIZATION **(EXPEDITED LEGAL MAIL - PRISONER)**

4835-3318 5/02
CSJ-318

**Please PRINT clearly illegible and/or incomplete forms will not be processed.**

_H - 2 - 1_
Lock

_HTF_
Institution

_431007_
Prisoner Number

_HANN_
Prisoner Name (Print Clearly)

☒ Legal Postage   ☐ Filing Fee $   ☐ Certified Mail (Must Be a Court Ordered Requirement)

☐ New Case   ☒ Case Number   _2002-183974-FH_

_MOTION FOR RECONSIDERATION OF 12/22/04 ORDER_

Pay To: _STATE OF MI_

Mailing Address: _OAKLAND COUNTY PROSECUTOR, ATTN: MS. KIMBERLY BROWN, MS. JOYCE TODD, COURTHOUSE TOWER, 1200 NORTH TELEGRAPH ROAD, PONTIAC, MI 48341_

**The following section must be completed in Authorizing Staff Member's presence.**

Prisoner Signature: _Gary S H_   Date &Time Submitted: _1/3/05 AT 1:45 AM_

Received By (Print Name & Title): _ACOS P. laConce_   Staff Signature:

Date &Time Received by Authorizing Staff: _1/3/05  0945 rin_

**Authorization Denied:**

☐ Does not meet definition of legal mail or court filing fee as identified in CFA OP 05.03.118.

☐ Not hand delivered to authorizing staff member.   ☐ New case or case number not on form.

☐ Does not include court order for handling as certified mail.   ☐ Other

☐ Prisoner refused to sign & date in staff member's presence.

**Section below to be completed by Mail Room Staff**

Placed in Mail by (Print Name & Title): _Pam Ellis (aos)_   Signature: _Pam Ellis_

Postage Amount: $ _.60_   Date & Time Placed in Outgoing Mail: _1-3-05  3:55_

**Only Business Office Staff Are to Write in the Section Below**

| Obligation Amount | | Actual Expense | |
|---|---|---|---|
| | | | |
| | | | .60 |
| | | | |

☐ Court Filing Fee Denied due to NSF.

Date Posted: _1-4-05_

Date & Time Copy Sent to Prisoner: _1-4-05_
_12:00_

Processed By (Print Name & Title): _R Kukec Acct Asst_   Signature: _R Kukec_

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

PEOPLE

Plaintiff,

v.

GARY S. HANN

Defendant.

_____/

Case No. 2002-183974-FH

Hon. DEBORAH G. TYNER

RECEIVED
2006 DEC -9 PM 1:5
COURT OF APPEALS
LANSING OFFICE
SANDRA SCHULTZ MENGEL
CHIEF CLERK

ADDENDUM TO MOTION FOR RECONSIDERATION OF 12/22/04 ORDER

ORAL ARGUMENTS CONTINUE TO BE REQUESTED

Now comes Defendant HANN who deposes and says as follows:

1.   In its Order of December 22, 2004, this Court stated on page 5, referring to Defendant's October 2003 "MOTION TO VACATE SENTENCE UNDER INAPPLICABLE STATUTE AND RESENTENCE UNDER MCL 750.92(2)" that:

> "The Defendant relies on the attempt statute in support of the within motion.  However, the general attempt statute, MCL 750.92, applies where there is no express provision for attempts in the charged statute.  Since MCL 750.145c(2) includes "attempt", the general attempt statute is inapplicable.  The motion is denied."

2.   Defendant had fully refuted this, and the Prosecutor's, reasoning and conclusions in his 5-page "DISPOSITIVE REPLY TO PEOPLE'S ANSWER TO DEFENDANT'S MOTION TO VACATE SENTENCE (sic)", served by him on all parties on September 10, 2004.

3.   The Court's succinct analysis is diametrically opposed to settled Michigan law, and fails to offer a single citation to demonstrate otherwise.

4.   The Court's Order is clearly erroneous, and must be reversed pursuant to the provision of MCR 2.613(C).

5.   Defendant submits this **ADDENDUM** titled **"MEMORANDUM RE LAWFUL APPLICABILITY OF MCL 750.92"** with a comprehensive analysis demonstrating unequivocally that he was wrongfully charged, and that such impropriety is prohibited as unlawful by numerous US Supreme Court opinions.

6.   Innocent and having inexplicably waited over 14 months for an initial ruling, Defendant timely continues to request oral arguments and immediate reconsideration of his wrongful conviction.

7.   Because his **MOTION FOR RECONSIDERATION OF 12/22/04 ORDER** is still pending, Defendant prays for a required reversal within the 35-day limit for acting on motions pursuant to the Administrative Rule.

8.   Should inexplicable delays occur, Defendant will have no recourse but respectfully to petition for Superintending Control, Interlocutory Appeal, and/or to the Judicial Tenure Commission.


Date: _____, 2005

                              Gary S. Hann
                              Straits Correctional Facility
                              4387 West M-80
                              Kincheloe, MI  49786


## PROOF OF SERVICE

Today I prepared copies of this entire Addendum and placed same in 10"x15" envelopes properly addressed to Judge Tyner, to the Clerk, and to the Prosecutor, and thereupon turned them over to my ARUS for Expedited Legal Mailing according to the policy of the Straits Correctional Facility.


Date: _____, 2005

                              Gary S. Hann


-  2  -

MEMORANDUM RE LAWFUL APPLICABILITY OF MCL 750.92

ATTEMPT IS A SEPARATE, INCHOATE CRIME

Michigan's General Attempt Statute, MCR 750.92; MSA 28.287, was most recently revised in 1970 and has been applied uniformly since that date. C.L. 1970, §750.92.    Statute replicated in Attachment "A"; Gillespie's MICHIGAN'S CRIMINAL LAW AND PROCEDURE describes in §41:1 that:

> "The wording of the statute [MCL 750.92] indicates that the legislature has created the separate, inchoate crime of "attempt" . . . The statutory language creates a substantive offense of "attempt", not merely one that modifies the punishment applicable to the completed offense where the defendant did not complete the underlying offense."

Attempt is a separate, substantive offense punishable under its own statute.  People v. Johnson, 195 Mich.App. 571, 491 NW2d 622 (1992) (See summary in Attachment "C", page ATT-8); Gillespie, supra, §41:1:

> " . . . the heart of the question is whether a conviction of an attempt to commit an offense constitutes a conviction of the substantive, underlying offense . . . this Court concluded that attempt is a substantive offense separate from the underlying offense." (Emphasis added)

One of several reasons this conclusion comports with the overriding precepts of justice and proportional punishment is that the elements of attempt are different from those of the substantive crime, thus being consistent with the statutory scheme that attempt be separately charged as a cognate lesser offense rather than as a necessarily included lesser offense.  Gillespie, supra, §41:3:

> "An attempt is a cognate lesser-included offense of the underlying offense, and is not a necessarily lesser-included offense.  Contrary to the former view, neither an attempt to commit an offense, nor

- 1 -

all of the elements of that attempt, are elements of the completed offense."

Cf. People v. Davenport, 165 Mich.App. 256, 262-263, 418 NW2d 450, (1987) (holding that since attempt is not a necessarily included offense, it must be charged separately from the substantive crime if evidence exists to support an attempt as defined in MCL 750.92; MSA 28.287) (See also Attachment "C", page ATT-8); People v. Cornell, 466 Mich. 335 (2002). Of significant note is that compliance with published decisions of the Michigan Higher Courts is mandatory since 1990; MCR 7.215.

## PUNISHMENT FOR ATTEMPT IS SIGNIFICANTLY LOWER

In the instant matter Defendant was charged, inter alia, with an attempt. This was a "sting" operation alleged to have an "intended victim" and with no actual victim whatever; thus there could never have been the commission of a fully substantive crime in the absence of a statutory definition that both attempt and the substantive crime have been merged by the express intent of Michigan's Legislature. The Legislature has clearly indicated, and the Michigan Supreme Court has confirmed, that in the absence of such merger, any punishment must be mollified accordingly:

"The Legislature has indicated that in Michigan the penalty for an attempt to commit an offense **shall be significantly less** than the penalty for the substantive offense." **People v. Tinsky**, 394 Mich. 108, 228 NW2d 782 (1975). (Emphasis added)

"Attempts to commit Class A, B, C or D offenses are classified as Class E offenses." **Felony Sentencing in Michigan**, page 12, Michigan Assigned Appellate Counsel System by Shiela Robertson Deming.

Indeed, the maximum penalty for an attempt is well settled as being no more than one-half the penalty for the substantive crime, pursuant to the

- 2 -

clear and unambiguous language of MCL 750.92 and as mandated by the Michigan Supreme Court:

> " . . . **in no case** shall the imprisonment exceed 1/2 of the greatest punishment which might have been inflicted if the offense so attempted has been committed". **People v. Masten**, 414 Mich. 16, 19-20 (1982); Summary in Attachment "C", page ATT-3. (Emphasis added)

Completely consistently with the legal theory and proportional punishment for an attempt, the relevant controlling Michigan Jury Instructions, exhibited in Attachment "B", implicitly confirm that attempt is its own offense and not a necessarily included lesser offense of any other crime, as demonstrated by the title of CJI2d 9.2: "Attempt as **Lesser** Offense" (Emphasis added). Attempt is less serious than the completion of a substantive crime. Conclusively to the instant analysis, CJI2d 9.3 addresses precisely to the instant charges and circumstances by declaring that "Impossibility No Defense", and in the "Commentary" Section referring unequivocally to the single case which has driven the instant prosecution: **People v. Thousand**, 241 Mich.App. 102 (2000).

## MICHIGAN'S "RULE" FOR CHARGING ATTEMPT

Simply stated, the unerring rule for the proper charging of attempt in Michigan is:

> "Attempt" to commit a crime is always punishable by the **General Attempt Statute** (and subject to a penalty of no more than 1/2 the maximum punishment for same), with 2 narrow exceptions:
>
> 1. The underlying statute proscribing the crime specifies, in its "Definitions Section", that an attempt is equivalent to the substantive crime; or,
>
> 2. The underlying statute describes only the single crime and no other.

- 3 -

## EVOLUTIONARY SUPPORT FOR RULE CHARGING ATTEMPT

Should the prior analysis not proffer sufficient support for the Michigan's absolute rule regarding the applicability of MCL 750.92, the progression of Higher Court rulings since the statute was last changed in 1970, culminating as fully settled by 1977, is informative. The initial judicial review occurred in **People v. Hall**, 28 Mich.App. 662, 663 (1970), where the Court of Appeals explained the second exception, that the underlying statute describes only the single crime, and no other:

> " . . . the statute under which defendant was convicted [MCLA
> §750.531], expressly provides for the punishment of the offense
> of attempting . . . "

An ensuing appeal conclusively addressed the second exception by carefully and unequivocally noting:

> " . . . a statute is express in the sense that it defines **only** the
> offense for which the defendant was charged . . . In the instant
> case, the alternate statutes relied upon by [respondent] **are not
> limited to the offense charged**." **People v. Pritchett**, 62 Mich.App.
> 570, 574-575, 233 NW2d 655, 658 (1975) (Emphases added)

This holding is authoritative as referenced prominently in the MICHIGAN COMPILED LAWS ANNOTATED, as well as being promulgated by Gillespie, **supra**, 41:1, to wit:

> "The presence or absence of a separate statute acting as a bar to
> the application of the general attempt statute does not rest on
> whether the separate statute conceivably may or could cover the
> conduct for which the accused is charged, but depends on whether
> the alternative statute describes the same and no other offense
> for which the accused is charged [citing **Pritchett**, **supra**)

No less an authority than the CORPUS JURIS SECONDUM delineates that the first exception, regarding statutory definitions, is a fundamental legal tenet, stating in §114 that:

- 4 -

" . . . when the definition of a charged offense includes an attempt to commit the offense there can be no separate crime of an attempt to commit it."

The matter of **People v. Wright**, 74 Mich.App. 297, 253 NW2d 739 (1977) falls squarely within the first exception in denying applicability of the General Attempt Statute, Gillespie, **supra**, §41:1, **FN 10**:

> "In light of the controlled substances act provisions [making an attempt equivalent to the substantive crime in its definitions section], the general attempt statute is inapplicable to a case involving delivery of heroin." See eg. Attachment "C", page ATT-4, **People v. White**, 411 Mich. 366, 370, 376 (1981); **People v. Kamin**, 405 Mich. 482, 499 (1979)

Consistently, the proper, complete citation of the **Wright** Court validates the first exception:

> "It is necessary to observe that there can be no crime of "attempted delivery" of heroin in Michigan. The relevant section of the Controlled Substances Act, **MCLA 335.304; MSA 18.1070(4)** [since repealed], defines "delivery" as "the actual, constructive, or **attempted** transfer from 1 person to another of a controlled substance." [Emphasis added] By the express and unequivocal language of this section, the Legislature has seen fit to merge attempt with the completed offense . . . the statute [**MCLA 750.92**] expressly recites that it only applies "when no express provision is made by law for the punishment of such attempt". In **MCLA 335.304; MSA 18.1070(4)** such a provision has been made . . . "

Again fully consistently, the Court of Appeals recently noted that a sentence for attempted first degree home invasion has a maximum of five (5) years under **MCL 750.92**, rather than the twenty (20) years for the substantive offense **MCL 750.110a(2)**. **People v. Hendrick**, 261 Mich.App. 673, 674 (2004) (Attachment "C", pages ATT-5 to ATT-6).

## CONCLUSION

A review of the definitions section of the instant underlying statute,

- 5 -

MCL 750.145c(1), does not reveal any mention of attempt in any context, thereby eliminating the first exception to mandatory application of the **General Attempt Statute**. Further inspection of the entirety of **MCL 750.145c** demonstrates that there are many crimes delineated within the single statute, including but not limited to those of taking erotic photographs of children under the age of 18. In fact, the various constructions of subsection (2) alone provide an astounding 198 different combinations of elements, as shown in Attachment "D"! Therefore, the second exception to application of the **General Attempt Statute** is clearly instantly inapplicable.

By admitting and charging an attempt, Plaintiff was therefore obligated to charge Defendant properly with a violation of **MCL 750.92(2)**. This has not occurred, yet Defendant has been so convicted. Such improper charging and subsequent conviction is prohibited pursuant to the just decided matter of **People v. Nyx** (citation unavailable), wherein the Court of Appeals declared:

> " . . . given that CSC II is a cognate lesser offense of CSC I, <u>it must be charged before the trial court may consider it or convict based on it</u> . . . it is undisputed that the prosecution only charged defendant with CSC I . . . " (Emphasis added)

Conviction of a charge not made is a due process violation that requires reversal as held by the settled US Supreme Court decision in **Thompson v. City of Louisville**, 362 US 199, 80 S.Ct. 624, 629 (1960):

> ""Conviction upon a charge not made would be <u>a sheer denial of due process</u>," [FN 12: <u>DeJonge v. State of Oregon</u>, 299 US 353, 362, 57 S.Ct. 255, 259] [and a litany of additional citations]." (Emphasis added).

This blunt directive was recently reinforced by the nation's Highest Court in **Fiore v. White**, 531 US 225, 121 S.Ct. 712, 714 (2001):

> " . . . the question is simply whether [the state] can, consistently with the Federal Due Process Clause, convict [defendant] for conduct

- 6 -

that its criminal statute, **as properly interpreted**, does not prohibit. This Court's precedents make clear that [Defendant's] conviction and continued incarceration on this charge violate due process. We have held that the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt. See **Jackson**, 443 US at 316, 99 S.Ct. 2781; **In Re Winship**, 397 US 358, 364, 90 S.Ct. 1068 (1970)."

The "proper interpretation" of **MCL 750.145c** is that an attempt to so commit must be charged under **MCL 750.92(2)**. The inevitable result, as applied instantly, is that Defendant stands convicted of a charged "attempt" which **MCL 750.145c** cannot punish. This conviction cannot be maintained under any interpretation of Michigan law. Any decision to the contrary is clearly erroneous and must be reversed under **MCR 2.613(C)**.

ATTACHMENT   A

MCL   750.92   INCLUDING   CITATION   OF   PEOPLE   v.   PRITCHETT

## 750.92

MICHIGAN PENAL CODE

### 750.92. Attempt to commit crime

Sec. 92. ATTEMPT TO COMMIT CRIME—Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:

1. If the offense attempted to be committed is such as is punishable with death, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years;

2. If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year;

3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than 5 years, or imprisonment in the county jail or by fine, the offender convicted of such attempt shall be guilty of a misdemeanor, punishable by imprisonment in the state prison or reformatory not more than 2 years or in any county jail not more than 1 year or by a fine not to exceed 1,000 dollars; but in no case shall the imprisonment exceed 1/2 of the greatest punishment which might have been inflicted if the offense so attempted had been committed.

**Source:**
P.A.1931, No.328, § 92, Eff Sept.18.
C.L.1948, § 750.92.
C.L.1970, § 750.92.

**Historical and Statutory Notes**
Prior Laws:
P.A.1927, No.175, ... IX, § 14.
C.L.1929, § 17342.

**Cross References**
Indictment, form, see §§ 767.43, 767.44.

**Library References**
Criminal Law ←44.
Westlaw Topic No.110.
C.J.S. Criminal Law §§ 114 to 123.

**Research References**

ALR Library
93 ALR 5th 683, Attempt to Commit Assault as Criminal Offense.
6 ALR 4th 446, Propriety of Conditioning Probation on Defendant's Serving Part of Probationary Period in Jail or Prison.
96 ALR 2nd 768, Court's Right, in Imposing Sentence, to Hear Evidence Of, or to Consider, Other Offenses Committed by Defendant.

Treatises and Practice Aids
Gillespie MI Crim. Law & Proc. Practice Deskbook § 5:21, General Attempt Statute.

---

## 750.92
Note 1

ATTEMPTS

96 ALR 2nd 768, Court's Right, in Imposing Sentence, to Hear Evidence Of, or to Consider, Other Offenses Committed by Defendant.

Gillespie MI Crim. Law & Proc. § 41:1, Attempt to Commit Crime-Statutory Provision.
Gillespie MI Crim. Law & Proc. § 41:2, Nature and Elements of Offense.
Gillespie MI Crim. Law & Proc. § 41:5, Information and Indictment.
Gillespie MI Crim. Law & Proc. § 41:7, Form-Information.

Gillespie MI Crim. Law & Proc. § 89:3, Unlawful ... Manufacturing, Delivering or Possessing.
Gillespie MI Crim. Law & Proc. § 111:4, Unlawful Possession of Vehicle.
5A Michigan Court Rules Practice Text § 6.903, Definitions.
5A Michigan Court Rules Practice Text § 6.001.2, "Felony" and "Misdemeanor".

### Notes of Decisions

In general   1
Indictment of crime, defenses   7
Admissibility of evidence   39
Assault   18
Attempt and entering   10
Carrying concealed weapons   11
Commerce and conduct of court   36
Completion of offense   27
Concurrent or consecutive sentences, sentence and punishment   46
Conspiracy   12
Controlled substance   13
Credit for time served, sentence and punishment   49
Defenses   1-8
  In general   6
  Abandonment of crime   7
  Impossibility   8
Double jeopardy   9
Elements of offense, generally   2
Enhancement, sentence and punishment   45
Factual basis, guilty plea   31
False pretenses   14
Guilty plea   29-35
  In general   29
  Duty of court, generally   30
  Factual basis   31
  Plea bargain   34
  Voluntariness   32
  Waiver of defenses   33
  Withdrawal   35
Impossibility, defenses   8
Inciting, inducing or enticing another to commit crime   15
Indictment or information   26
Instructions   42
Intent, generally   3
Jury argument   37
Juvenile record, sentence and punishment   48
Kidnapping   16
Larceny   17
Lesser included offenses   5
Manslaughter, generally   19
Obscene material   21
Overt acts, generally   4
Plea bargain, guilty plea   34

Possession of prohibited substance or thing   20
Probation, sentence and punishment   50
Questions of fact and law   41
Rape   22
Restitution, sentence and punishment   47
Review   51
Rights of accused   28
Robbery   23
Sentence and punishment   44-50
  In general   44
  Concurrent or consecutive sentences   46
  Credit for time served   49
  Enhancement   45
  Juvenile record   48
  Probation   50
  Restitution   47
Suicide   24
Venue   25
Verdict   43
Voluntariness, guilty plea   32
Waiver of defenses   33
Weight and sufficiency of evidence   40
Withdrawal, guilty plea   35
Witnesses   38

**1. In general**

Attempt is separate, substantive offense punishable under its own statute. People v. Johnson (1992) 491 N.W.2d 622, 195 Mich.App. 571.
Criminal Law ←44.

General attempt statute is proper only where no express provision for attempts exists in substantive provision for which defendant is charged. People v. Denmark (1977) 254 N.W.2d 61, 74 Mich.App. 402. Criminal Law ←44.

Presence or absence of a separate statute arising as a bar to the application of the general attempt statute, this section, does not rest on whether the separate statute conceivably may or could cover the conduct for which the accused is charged but depends upon whether the alternate statute describes the same, and no other, offense for which the accused is charged. People v. Pritchett (1975) 233 N.W.2d 655, 92 Mich.App. 570. Criminal Law ←44.

ATTACHMENT   B


MICHIGAN   CRIMINAL   JURY   INSTRUCTIONS   CJI2d   9.1,   9.2   AND   9.3

Attempt

## CJI2d 9.1
## Attempt

(1) The defendant is charged with attempting to commit the crime of ____. To prove the defendant's guilt, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant intended to commit ____, which is defined as [state elements from the appropriate instructions defining the crime].

(3) Second, that the defendant took some action toward committing the alleged crime, but failed to complete the crime. It is not enough to prove that the defendant made preparations for committing the crime. Things like planning the crime or arranging how it will be committed are just preparations; they do not qualify as an attempt. In order to qualify as an attempt, the action must go beyond mere preparation, to the point where the crime would have been completed if it hadn't been interrupted by outside circumstances. To qualify as an attempt, the act must clearly and directly be related to the crime that the defendant is charged with attempting and not some other objective.

(4) You may convict the defendant of attempting to commit ____ even if the evidence convinces you that the crime was actually completed.

**HTF LAW LIB**

*Use Note*

Any attempt to commit an offense is a specific intent crime. See People v Langworthy, 416 Mich 630, 644-645, 331 NW2d 171 (1982); People v Joeseype Johnson, 407 Mich 196, 239, 284 NW2d 718 (1979) (opinions of Levin, J.). CJI2d 3.9 should be given if intent is disputed, or if the jury expresses confusion regarding the intent required to convict. See People v Beaudin, 417 Mich 570, 339 NW2d 461 (1983). Paragraph in brackets should be given when factually appropriate.

*History*

CJI2d 9.1 was CJI 9:1.01, 9:1.04.

9-3

---

Attempt

## CJI2d 9.2
## Attempt As Lesser Offense

(1) The defendant is also charged with the less serious crime of attempted ____. To prove that the defendant attempted to commit this crime, the prosecutor must prove the following elements beyond a reasonable doubt:

(2) First, that the defendant intended to commit ____, which is defined as [state elements from the appropriate instructions defining the crime].

(3) Second, that the defendant took some action toward committing the alleged crime, but failed to complete the crime. It is not enough to prove that the defendant made preparations for committing the crime. Things like planning the crime or arranging how it will be committed are just preparations; they do not qualify as an attempt. In order to qualify as an attempt, the action must go beyond mere preparation, to the point where the crime would have been completed if it hadn't been interrupted by outside circumstances. To qualify as an attempt, the act must clearly and directly be related to the crime that the defendant is charged with attempting and not some other objective.

*Use Note*

Any attempt to commit an offense is a specific intent crime. See People v Langworthy, 416 Mich 630, 644-645, 331 NW2d 171 (1982); People v Joeseype Johnson, 407 Mich 196, 239, 284 NW2d 718 (1979) (opinions of Levin, J.). CJI2d 3.9 should be given if intent is disputed, or if the jury expresses confusion regarding the intent required to convict. See People v Beaudin, 417 Mich 570, 339 NW2d 461 (1983).

**HTF LAW LIB**

*History*

CJI2d 9.2 was CJI 9:1.02.

*Commentary*

Because the elements of an attempt are not duplicated in the completed offense, the court need not instruct on attempt unless there is evidence indicating that only an attempt was committed. Attempt is a

9-5

---

Attempt

## CJI2d 9.3
## Impossibility No Defense

A person can be found guilty of attempting to commit a crime even if [he / she] could not finish the crime because circumstances turned out to be different than [he / she] expected or [he / she] was stopped before [he / she] could finish.

*Commentary*

MCLA 750.92, MSA 28.287 applies to the person who attempts to commit offense "but shall fail in the perpetration, or shall be intercepted or prevented be execution of the same."

Impossibility is not a defense to an attempt charge. People v Jones, 46 Mich ... 9 NW 486 (1881) and People v Thousand, 465 Mich 149, 631 NW2d 694 ...01).

*History*

CJI2d 9.3 was CJI 9:1.05.

9-7

D.I.02 Supp.

CJI2d 9.2     Attempt

ungitate rather than a successively included offense. *People v Adams*, 416 Mich 53, 330 NW2d 634 (1982).

Without a request, the court has discretion to instruct on attempt. The court must instruct on attempt where attempt is the lesser and there is evidence that the completed offense may not have been committed. *Id.* at 60.

CJI2d 9.1     Attempt

**Commentary**

A defendant who commits any act toward the commission of a criminal offense, but who fails in its perpetration, or is interrupted or prevented in the execution of the offense, may be found to have attempted the offense. *People v Davenport*, 165 Mich App 256, 418 NW2d 450 (1987).

The essential elements of an attempt are "a felonious intent to commit the crime and an overt act going beyond mere preparation toward the commission of the crime." *People v Bauer*, 216 Mich 659, 185 NW 694 (1921); *People v Kimball*, 109 Mich App 273, 311 NW2d 343, *amended*, 412 Mich 890, 313 NW2d 285 (1981), acquittal entered on remand in an unpublished opinion, No 79-138-FY (Lecianau Cir Ct February 9, 1982).

An accused can be convicted of attempt even if the evidence establishes the completed crime. *People v Bradovich*, 305 Mich 329, 9 NW2d 560 (1943); *People v Miller*, 28 Mich App 161, 184 NW2d 286 (1970).

8TH LAW LIB

8TH LAW LIB

ATTACHMENT   C


CONSISTENT   APPLICATION   OF   MCL   750.92   IN


60   HIGHER   COURT   CASE   OPINIONS

ATTACHMENT TO MEMORANDUM RE LAWFUL APPLICABILITY OF MCL 750.92

SIXTH FEDERAL CIRCUIT COURT OF APPEALS (Reverse Chronological Order)

**Hampton v. US**, 46 Fed.Appx. 827, 829 (6th Cir. 2002):

"He was convicted of **attempt** to conceal a weapon in violation of **MCL 750.227**. The offense is a felony punishable by a prison term of "**not more than 5 years**." See **MCL §§750.227(1)** and **750.92(2)**."

**Lanham v. US**, 4 Fed.Appx. 313, 316 (6th Cir. 2001):

"In pleading guilty to **attempted** rape, [defendant] admitted that he perpetrated "an act toward the commission of" unlawful carnal knowledge, an offense which requires that a person have penetrating sexual contact against that person's will and by force." **MCL's §§750.227; 750.92 (1970)**."

**Hampton v. US**, 191 F.3d 695, 697 (6th Cir. 1999):

" . . . Petitioner's . . . state conviction for **attempted** carrying of a concealed weapon in violation of **MCL §750.227**. Petitioner does not contest that this was a felony conviction. See **MCL's §§750.520; 750.92**."

MICHIGAN SUPREME COURT (Reverse Chronological Order)

**People v. Davidovich**, 463 Mich. 446, 448 (2000):

" . . . **attempted** possession with intent to deliver[2] [FN 2: **MCL 750.92; MSA 28.287**]"

**People v. Cooper**, Mich. No. 114277, COA No. 213076 (1999)

" . . . on the charge of **attempted** indecent exposure. **MCL 750.92**, 750.335a; MSA 28.287, 28.567(1)."

**People v. Reeves**, 458 Mich. 236, 241–242 (1998):

"In **Sanford** [supra], the precise issue before the court concerned whether the offenses of AWIR–U and attempted unarmed robbery, **MCL 750.530; MSA 28.798**, as affected by the **General Attempt Statute, MCL 750.92, MSA 28.287**, were identical crimes [FN 7]."

**People v. Jones**, 443 Mich. 88, 102 (1993):

" . . . we find that conviction on a charge of **attempted** felonious assault is not precluded by the language of the General Attempt Statute."

**People v. Whiteside**, 437 Mich. 188, 191 (1991):

"FN 6:  Defendant  . . . pled guilty and was convicted of **attempted** breaking and entering an occupied dwelling with intent to commit larceny. MCL 750.92, 750.110; MSA 28.287, 28.305."

**People v. Music**, 428 Mich. 356, 357 (1987):

" . . . defendant . . . pled guilty . . . to . . . **attempted** larceny in a building, MCL 750.360, 750.92; MSA 28.592, 28.287."

**People v. Walker**, 428 Mich. 261, 264 (1987):

" . . . listed two prior felony convictions (**attempted** larceny in a building [FN6: MCL 750.92, 750.360; MSA 28.287, 28.592] and **attempted** entering without breaking [FN 7: MCL 750.92, 750.111; MSA 28.287, 28.306.])"

**People v. New**, 427 Mich. 482, 486 (1986):

"[defendant] . . . pled guilty to the charged of **attempted** possession with intent to deliver less than fifty grams of heroin [FN 7: MCL 333.7401(1), (2)(a)(iv); MSA 14.15 (7401)(1), (2)(a)(iv) and MCL 750.92; MSA 28.287]."

**People v. Fernandez**, 427 Mich. 321, 346 (1986):

" . . . persons who **attempt** to commit an offense face a drastically reduced sentence over those who actually commit the crime. MCL 750.92; MSA 28.287."

**People v. Smith**, 423 Mich. 427, 436-437 (1985):

" . . . defendant pled . . . to a reduced charge of **attempted** arson of personal property over $50.  The statute proscribing **attempted** arson, MCL 750.92; MSA 28.287 . . . he received . . . sixteen to twenty-four months for **attempted** arson, and three years, four months to **five years** for **attempted** breaking and entering."

**People v. Rehkopf**, 422 Mich. 198, 205 (1985):

"FN 3: . . . With the exception of attempted murder, MCL 750.91; MSA 28.286, conviction of a criminal **attempt carries a lesser maximum penalty than conviction for the completed offense. MCL 750.92.** (The maximum penalty for attempted murder is less than the mandatory life sentence for first-degree murder, MCL 750.316; MSA 28.548, but is the same as the maximum penalty for second-degree murder, MCL 750.317; MSA 28.549)."

ATT - 2

**People v. Shoup**, 419 Mich. 923 (1985):

" . . . **attempted** larceny in a building, MCL 750.360; MCL 28.592 and MCL 750.92; MSA 28.287."

**People v. Pasley**, 419 Mich. 297, 298 (1984):

" . . . defendant was convicted of **attempted** breaking and entering an unoccupied dwelling with the intent to commit larceny.' [FN 1: MCL 750.110; MSA 28.305, MCL 750.92; MSA 28.287]."

**People v. Worrell**, 417 Mich. 617, 622 (1983):

" . . . **attempted** CSC III. This would make MCL 750.520(g)(1); MSA 28.788(7)(1) and MCL 750.92; MSA 28.287 redundant, and their provisions for penalties of ten years and **five years**, respectively, equally applicable with no principled basis for distinction. We will not ascribe such an intention to the Legislature."

**People v. Shafou**, 416 Mich. 113, 133, 142 (1982):

"If the principal does not succeed in committing the crime, the accomplice . . . is an accomplice only to the **attempt** [FN 19], which carries a **lighter penalty**. [FN 19: MCL 750.92, MSA 28.287]."

"If [defendant's arsonist] had gone ahead with the scheme to burn down the store . . . but the arsonist had been caught by the police before he could set the fire . . . the arsonist would be guilty only of **attempted** arson, which **carries a lighter penalty**. [FN 40: The maximum penalty for arson of real property is 10 years. MCL 750.73; MSA 28.268. If the arsonist were stopped short of distributing inflammable material, he could be imprisoned for not more than **5 years**. MCL 750.92(2); MSA 28.287(2).]"

**People v. Lewis**, 415 Mich. 443, 446-447 (1982):

"[Defendant] was convicted of **attempted** breaking and entering' [FN 3: MCL 750.110, 750.92; MSA 28.305; 28.287]."

**People v. Masten**, 414 Mich. 16, 19-20 (1982):

" . . . if there is only an **attempt**, one who **attempts** to commit the act can be sentenced to **no more than two and one-half years**' [FN 3: MCL 750.92; MSA 28.287. See **People v. Loveday**, 390 Mich. 711, 713-715, 212 NW2d 708 (1973)]."

**People v. Wogaman**, Docket No. 65693, 411 Mich. 893 (1981):

"We find that the factual basis . . . was insufficient to establish the elements of the charged crime . . . or the **attempted** breaking and entering

to which defendant pled guilty. **MCL 750.92; MSA 28.287**, GCR 1963, 785.7(3)(a)."

**People v. Pulley**, 411 Mich. 523, 526 (1981):

"[defendant] . . . pled guilty of **attempted** possession with intent to deliver heroin' [FN 1: **MCL 335.341(1)(a); MSA 18.1070(41(1)(a); MCL 750.92(1); MSA 28.287**] and was sentenced to serve six to **ten year's** imprisonment."

**People v. White**, 411 Mich. 366, 370, 376 (1981):

"[Defendant] was convicted on his plea of guilty to the offenses of **attempted** delivery of heroin and of perjury, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a); **MCL 750.92; MSA 28.287** . . . The general rule is that a plea of guilty waives all non-jurisdictional defects in the proceedings. However, those rights which might provide a complete defense to a criminal prosecution, and those which undercut the state's interest in punishing the defendant or the state's authority or ability to proceed with the trial, may never be waived by a plea of guilty. Where it is found that the result of the right asserted is similar to that of the jurisdictional defenses in that, if proven, the right asserted would prevent the trial from taking place, a plea of guilty does not waive that right . . . "

**People v. Kamin**, 405 Mich. 482, 499 (1979):

"We find no error in the trial judge's failure to instruct the Jury on **attempted** delivery because **the statutory definition of delivery under the Controlled Substances Act**, MCL 335.304; MSA 18.1070(4) includes "The actual, constructive or **attempted** transfer from 1 person to another of a controlled substance" (emphasis added). In this situation, Michigan's **General Attempt Statute, MCL 750.92; MSA 28.287**, is inapplicable because it is superceded by the specific coverage of **attempt** by the definitional language in the Controlled Substances Act, MCL 335.304; MSA 1070(4)."

**People v. Joeseype Johnson**, 407 Mich. 196, 239 (1979):

"No mental element or specific or particular intent is stated in the **attempt** sections of the penal code [FN 9: **MCL 750.91, 750.92; MSA 28.286, 28.287**], and yet it is well settled that a necessary element of any attempt to commit another offense is an intention to commit that offense. [FN 10: See **People v. Bauer**, 216 Mich. 659, 661, 185 NW2d 694 (1921); **People v. Coleman**, 350 Mich. 268, 276, 278, 86 NW2d 281 (1957); . . . Gillespie . . . LaFave and Scott . . . ]"

**People v. Sanford**, 402 Mich. 460, 463, 463, 467 (1978):

"OPINION OF THE COURT: 1. INDICTMENT AND INFORMATION - ROBBERY - ATTEMPT - ASSAULT WITH INTENT TO ROB. Assault with intent to rob being unarmed and **attempted** robbery unarmed are different offenses . . . (MCL 750.88, **750.92**,

750.530; MSA 28.283, 28.287, 28.798) . . . 2. ROBBERY -- ATTEMPT -- ASSAULT WITH INTENT TO ROB -- ELEMENTS OF CRIME. **Attempted** robbery unarmed may be committed by simply putting a person in fear; but assault with intent to rob unarmed requires an assault with force and violence. (MCL 750.88, 750.92, 750.530; MSA 28.283, 28.287, 28.798) . . .

Defense contends that **attempted** robbery unarmed, MCLA 750.530; MSA 28.798 and MCLA 750.92; MSA 28.287 . . . "

**People v. Keatts**, (Docket No. 56237), 396 Mich. 803 (1976):

" . . . the trial court . . . [convicted] the defendant . . . of the offense of **attempted** larceny in a building (MCLA 750.360; 750.92)."

**People v. Loveday**, 390 Mich. 711, 711-712, 715 (1973):

" . . . defendant's sentence was limited to two and one-half years where he pled guilty to **attempted** gross indecency . . . and a sentence for the offense so **attempted** . . . to be committed is not more than five years (MCLA 750.92, 750.338(b) . . . 'but in no case shall the punishment exceed 1/2 of the greatest punishment which might have been inflicted if the offense so **attempted** had been committed.'"

**People v. Wilson**, 390 Mich. 689, 690 (1973):

"Defendant was convicted . . . of **attempted** breaking and entering. MCLA 750.92; MSA 28.287 and MCLA 750.110; MSA 28.305."

**People v. Jaworski**, 387 Mich. 21, 34 (1972):

" . . . that count being **attempted** breaking, **attempting** to break into a business establishment, carrying a five-year maximum prison sentence, being contrary to §28.287."

**People v. Patskan**, 387 Mich. 701, 714 (1971):

" . . . **attempted** robbery armed is a lesser included offense of assault with intent to rob being armed . . . the court committed error by refusing to give an instruction on the **attempted** robbery armed . . . instruction of **attempted** assault with intent to rob being armed . . . (MCLA 750.89, 750.92; GCR 1963, 516.1)."


MICHIGAN COURT OF APPEALS (Reverse Chronological Order)


**People v. Hendrick**, 261 Mich.App. 673, 674 (2004)

" . . . the trial court sentenced him to one to **five years** imprisonment for his conviction of **attempted** first-degree home invasion, MCL **750.92**; MCL 750.110a(2) . . . "


<u>People v. Compeau</u>, 244 Mich.App. 595, 596 (2001)

" . . . defendant was convicted of . . . **attempted** kidnapping, MCL 750.349; MSA 28.581; MCL 750.92; MSA 28.287 . . . "


<u>In Re Parole of Scholtz</u>, 231 Mich.App. 104, 105 (1998)

" . . . Appellant pleaded guilty to . . . two counts of **attempted** CSC II, MCL 750.92; MSA 28.287."


<u>People v. McKeown</u>, 228 Mich.App. 542, 543-544 (1998)

"Defendant pleaded guilty of violating probation on his underlying conviction of **attempted** disarming of a police officer, MCL 750.92; MSA 28.287 and MCL 750.479b; MSA 28.747(2), and was sentenced to thirty to **sixty months** imprisonment . . . The penalty for disarming a police officer is a maximum of ten years' imprisonment. MCL 750.479b(2); MSA 28.747(2)(2). Therefore, defendant's **attempt** conviction results in the following statutory punishment . . . [MCL 750.92(2); MSA 28.287(2).]"


<u>People v. Galvan</u>, 226 Mich.App. 135, 136 (1997)

" . . . defendant pleaded guilty of **attempted** false pretenses, MCL 750.92; MSA 28.287 and MCL 750.218; MSA 28.415 . . . defendant was sentenced to three to **five years' imprisonment** . . . "


<u>People v. Hutchinson</u>, 224 Mich.App. 603, 604 (1997)

"The substantive difference is that the penalty for possession of more than 650 grams of cocaine is a mandatory sentence of life imprisonment, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), whereas **attempted** possession is punishable by a maximum of **five years' imprisonment**, MCL 750.92; MSA 28.287."


<u>People v. Hanna</u>, 223 Mich.App. 466, 468 (1997)

"Defendant was convicted . . . of . . . **attempting** to resist and obstruct a police officer, MCL 750.479; MSA 28.747; MCL 750.92; MSA 28.287."


<u>People v. Reeves</u>, 222 Mich.App. 32, 37 (1997)

"<u>Sanford</u> involved claims that the elements of AWIR-U, MCL 750.88, MSA 28.283 (fifteen-year maximum sentence), and **attempted** unarmed robbery, MCL 750.530;

MCL 750.92; MSA 28.287 (five-year maximum sentence) . . . "

People v. Fisher, 220 Mich.App. 133, 135 (1996)

"Defendant was tried on charges of . . . attempted obstruction of justice, the latter offense charged pursuant to MCL 750.505; MSA 28.773, which provides for punishment of offenses indictable at common law, and MCL 750.92; MSA 28.287, the statute regarding attempts to commit crime."

People v. Regts, 219 Mich.App. 294, 295 (1996)

"Defendant pleaded nolo contendere to . . . attempted criminal sexual conuct in the fourth degree, MCL 750.92; MSA 28.287."

People v. Artman, 218 Mich.App. 236, 238 (1996)

"Defendant pleaded nolo contendere to a charge of attempted embezzlement by an agent of over $100, MCL 750.92; MSA 28.287; MCL 750.174; MSA 28.371. The trial court sentenced defendant to one to five years' imprisonment."

People v. LaPlaunt, 217 Mich.App. 733, 734 (1996)

" . . . defendant was convicted of . . . attempting to furnish contraband to a prisoner, MCL 750.92; MSA 28.287; MCL 800.281(1); MSA 28.1621(1)."

People v. Watt, 210 Mich.App. 92, 93 (1995)

" . . . defendant pleaded guilty of attempted forgery, MCL 750.92; MSA 28.287. He was sentenced to 2 1/2 to 5 years' imprisonment."

People v. Ortman, 209 Mich.App. 251, 252-253 (1995)

" . . . defendant pleaded guilty of attempted uttering and publishing, MCL 750.249; MSA 28.446, MCL 750.92; MSA 28.287 . . . "

People v. Pubrat, 206 Mich.App. 340, 341 (1994)

"Defendant pleaded nolo contendere to attempted larceny in a building, MCL 750.92; MSA 28.287 and MCL 750.360; MSA 28.592 . . . "

People v. Cannon, 206 Mich.App. 653, 654 (1994)

"Defendant pleaded guilty . . . of attempting to carry a concealed weapon, MCL 750.227; MSA 28.424; MCL 750.92; MSA 28.287."

**People v. Whitney**, 206 Mich.App. 435, 435-436 (1994)

" . . . defendant pleaded no contest of **attempted** embezzlement' [FN 1: **MCL** 750.174; **MSA 28.371** (embezzlement over $100) and **MCL 750.92; MSA 28.287** **(attempt)**] . . . he was sentenced to a prison term of two to **five years** . . ."

**People v. Murphy**, 203 Mich.App. 738, 740 (1994)

"Defendant was charged with **attempted** breaking and entering with the intent to commit criminal sexual conduct . . . MCL 750.110; MSA 28.305; **MCL 750.92; MSA 28.287** . . . "

**People v. Anderson**, 202 Mich.App. 732, 733 (1993)

"Defendant pleaded guilty of **attempted** conspiracy to deliver cocaine, **MCL** 333.7401, MSA 14.15(7401); **MCL 750.92; MSA 28.287; MCL** 750.157(a); **MSA** 28.354(1) . . . an **attempt** to conspire to deliver cocaine is a separate offense from delivery of cocaine . . . Remanded for resentencing."

**People v. Kreiger**, 202 Mich.App. 245, 246-248 (1993)

" . . . defendant pled guilty . . . to **attempted** false pretenses over $100. **MCL 750.92; MSA 28.287**; MCL 750.218; MSA 28.415 . . . he pled guilty . . . to **attempted** uttering and publishing. **MCL 750.92; MSA 28.287**; MCL 750.249; **MSA 28.446**."

**People v. Johnson**, 195 Mich.App. 571, 575; 491 NW2d 622 (1992)

"The defendant had a prior conviction of **attempted** larceny in a building . . . the heart of the question is whether a conviction of an **attempt** to commit an offense constitutes a conviction of the substantive, underlying offense . . . this Court concluded that **attempt** is a substantive offense separate from the underlying offense."

**People v. Chambers**, 191 Mich.App. 430, 478 NW2d 709 (1991)

" . . . this Court concluded that **attempt** is a substantive offense separate from the underlying offense."

**People v. Davenport**, 165 Mich.App. 256, 262-263 (1987)

" . . . **attempted** armed robbery is not a necessarily included offense of armed robbery . . . there was no evidence to support an **attempt** as defined in **MCL 750.92; MSA 28.287** as "any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same.""

**People v. Austern**, 121 Mich.App. 831, 832 (1982)

"Punishment for **attempt** to commit a crime is governed by **MCL 750.92(2); MSA 28.287**."

**People v. Denmark**, 74 Mich.App. 402, 416 (1977)

"Neither do we believe an instruction on "**attempted** penetration" is appropriate where the statute itself provides for, and the court instructs on, the lesser charge of second-degree criminal sexual conduct; **MCLA 750.520c; MSA 28.788(3)**."

**People v. Wright**, 74 Mich.App. 297, 301 (1977)

"It is necessary to observe that there can be no crime of "**attempted** delivery of heroin" in Michigan. The relevant section of the Controlled Substances Act, **MCLA 335.304; MSA 18.1070(4)**, defines "delivery" as "the actual, constructive or **attempted** transfer from 1 person to another of a controlled substance". (Emphasis added.) By the express and unequivocal language of this section, the Legislature has seen fit to merge **attempt** with the completed offense.

Additionally, the **general attempt statute**, **MCLA 750.92, MSA 28.287**, is inapplicable. The statute expressly recites that it only applies "when no express provision is made by law for the punishment of such **attempt**." In **MCLA 335.304; MSA 18.1070(4)**, such a provision has been made . . . "

**People v. Pritchett**, 62 Mich.App. 570, 571 (1975)

" . . . the jury was instructed it could return . . . guilty of **attempted** carrying a concealed pistol, **MCLA 750.92; MSA 28.287** . . . the jury returned a verdict of guilty of **attempted** carrying a concealed pistol."

**People v. Richard Banks**, 51 Mich.App. 685, 689 (1974)

" . . . the law calls [an] assault without weapon a simple assault. In short, it makes "express provision" for the "**attempt**" . . . can there be an **attempt** to **attempt**? This question has been described as like conceiving of the beginning point of eternity or the starting point of infinity . . . the question has been decided in **People v. Patskan**. [FN 7: 29 Mich.App. 354, 357; 185 NW2d 398, 400 (1971), rev'd on other grounds, 387 Mich. 701; 199 NW2d 458 (1972). **Cf. People v. Brandon**, 46 Mich. App. 484; 208 NW2d 214 (1973), holding there is no such crime as **attempted** uttering and publishing]."

**People v. Hall**, 28 Mich.App. 662, 663; 184 NW2d 742 (1970)

"In stating his findings, the trial court stated that defendant did in fact injure a safe. However, in stating the verdict, the court said that defendant did **attempt** to injure a safe . . . the **general attempt statute** is not applicable in this case because it applies only "when no express provision

is made" . . . MCLA 750.531 (Stat. Ann 1954 Rev §28.799), the statute under which defendant was convicted, expressly provides for the punishment of the offense of __attempting__ to . . . injure . . . any safe."

[Note: Sec. 531 __defines__ "Bank, Safe or Vault Robbery" as " . . . whether he succeeds or fails in the perpetration, be guilty of a felony, punishable by imprisonment in the state prison for life or any number of years."]

(THIS ATTACHMENT IS NOT INTENDED TO BE EXHAUSTIVE)

**ATTACHMENT   D**

**198   DIFFERENT   CONSTRUCTIONS   OF   MCL   750.145c(2)**

MCL  750.145c(2)

PERSUADES   INDUCES   ENTICES   COERCES   CAUSES   KNOWINGLY ALLOWS   (6)

ARRANGE FOR
or   ATTEMPT   or   PREPARE   or   CONSPIRE   +   (3)
PRODUCE
or   ARRANGE FOR   or   PRODUCE   or   MAKE   or   FINANCE   (4)
MAKE
or
FINANCE

CSAA   CSAM   CSAA   CSAM   (2)

KNOWS   HAS REASON TO KNOW   SHOULD REASONABLY BE EXPECTED TO KNOW   (3)

CHILD IS A CHILD   HAS NOT TAKEN REASONABLE PRECAUTIONS TO DETERMINE AGE OF CHILD   (2)

TOTAL : 198

005 09:58:20

# Michigan Department Of Corrections
## Trust Account Statement
### For the period 01/01/2005 to 10/14/2005

Page 1 of 26

267027

RECEIVED

**MDOC Nbr.:** 431007    **Name:** HANN, GARY S

**Birth Date:** 05/13/1949    **Location:** BOYER ROAD CORRECTIONA

**Current Balance:** 32.17    **Hold Balance:** .00

**Current Lock Loc.:** B-002

**Jurisdiction Dates:** 09/20/2002

**Account Dates:** 07/01/2005

**Active:** Yes

**A/C Status:** Active

## Sub Account Details

| Account Code | Account Name | Balance As of 01/01/2005 | Balance As of 10/14/2005 |
|---|---|---|---|
| **Trust-Carson City Regional Caseload** | | | |
| 2101 | Offender Funds | 0.00 | 32.17 |
| 2198 | Freeze | 0.00 | 0.00 |
| **Trust-Chippewa Regional Caseload** | | | |
| 2101 | Offender Funds | 0.00 | 0.00 |
| 2198 | Freeze | 0.00 | 0.00 |
| **Trust-Kinross Facility Caseload** | | | |
| 2101 | Offender Funds | 123.29 | 0.00 |
| 2198 | Freeze | 0.00 | 0.00 |
| **Trust-Mid-Michigan Facility Caseload** | | | |
| 2101 | Offender Funds | 0.00 | 0.00 |
| 2198 | Freeze | 0.00 | 0.00 |
| **Trust-Egeler Facility Caseload** | | | |
| 2101 | Offender Funds | 0.00 | 0.00 |
| 2198 | Freeze | 0.00 | 0.00 |
| **Trust-Pine River Facility Caseload** | | | |
| 2101 | Offender Funds | 0.00 | 0.00 |
| 2198 | Freeze | 0.00 | 0.00 |
| **Trust-Cooper Street Facility Caseload** | | | |
| 2101 | Offender Funds | 0.00 | 0.00 |
| 2198 | Freeze | 0.00 | 0.00 |
| **Trust-Pugsley Facility Caseload** | | | |
| 2101 | Offender Funds | 0.00 | 0.00 |
| 2198 | Freeze | 0.00 | 0.00 |

## Debts & Obligations
## Transaction Details

| GJ No. | Date | Description | Debit | Credit |
|---|---|---|---|---|
| **Trust-Carson City Regional Caseload** | | | | |
| 13797740 | 07/05/2005 | LPOSD Legal Postage Disbursement (State) | .37 | |
| | | 2101 Offender Funds | 0.00 | |
| | | 2583 Postage (State) Payable - Direct | | 0.00 |
| | Narration: | Batch: 524354, Ref: - | | |
| 13797741 | 07/05/2005 | LPOSD Legal Postage Disbursement (State) | .37 | |
| | | 2101 Offender Funds | 0.00 | |
| | | 2583 Postage (State) Payable - Direct | | 0.00 |
| | Narration: | Batch: 524354, Ref: - | | |
| 13797742 | 07/05/2005 | LPOSD Legal Postage Disbursement (State) | .37 | |
| | | 2101 Offender Funds | 0.00 | |
| | | 2583 Postage (State) Payable - Direct | | 0.00 |
| | Narration: | Batch: 524354, Ref: - | | |
| 13797743 | 07/05/2005 | LPOSD Legal Postage Disbursement (State) | .37 | |
| | | 2101 Offender Funds | 0.00 | |
| | | 2583 Postage (State) Payable - Direct | | 0.00 |
| | Narration: | Batch: 524354, Ref: - | | |

005 09:58:20

# Michigan Department Of Corrections
## Trust Account Statement
### For the period 01/01/2005 to 10/14/2005

| | | |
|---|---|---|
| MDOC Nbr.: 431007 | Name: HANN, GARY S | Current Lock Loc.: B-002 |
| Birth Date: 05/13/1949 | Location: BOYER ROAD CORRECTIONA | Jurisdiction Dates: 09/20/2002 |
| Current Balance: 32.17 | Hold Balance: .00 | Account Dates: 07/01/2005 |

Active: Yes
A/C Status: Active

| GJ No. | Date | Description | Debit | Credit |
|---|---|---|---|---|

**Trust-Carson City Regional Caseload**

| GJ No. | Date | Description | Debit | | Credit |
|---|---|---|---|---|---|
| 13808909 | 07/06/2005 | TIR Transfer In | 153.73 | | |
| | | 1101 Bank Account | | 153.73 | |
| | | 2101 Offender Funds | | | 153.73 |
| | Narration: | Transfer In from Trust-Pine River Facility Caseload to Trust-Carson City Regional Caseload | | | |
| 13834336 | 07/07/2005 | CRT Commissary Regular Transaction | 19.55 | | |
| | | 2101 Offender Funds | | 19.55 | |
| | | 2501 Payable to Commissary | | | 19.55 |
| | Narration: | Rost -Commissary TXN - | | | |
| 13840453 | 07/07/2005 | LPOSD Legal Postage Disbursement (State) | 1.06 | | |
| | | 2101 Offender Funds | | 1.06 | |
| | | 2583 Postage (State) Payable - Direct | | | 1.06 |
| | Narration: | Batch: 525763, Ref:otf - | | | |
| 13840454 | 07/07/2005 | LPOSD Legal Postage Disbursement (State) | 1.06 | | |
| | | 2101 Offender Funds | | 1.06 | |
| | | 2583 Postage (State) Payable - Direct | | | 1.06 |
| | Narration: | Batch: 525763, Ref:otf - | | | |
| 13840455 | 07/07/2005 | LPOSD Legal Postage Disbursement (State) | 1.06 | | |
| | | 2101 Offender Funds | | 1.06 | |
| | | 2583 Postage (State) Payable - Direct | | | 1.06 |
| | Narration: | Batch: 525763, Ref:otf - | | | |
| 13909154 | 07/13/2005 | LCSTD Legal Copies Disbursement (State) | 2.05 | | |
| | | 2101 Offender Funds | | 2.05 | |
| | | 2581 Copies (State) Payable - Direct | | | 2.05 |
| | Narration: | Batch: 528333, Ref: - | | | |
| 13913006 | 07/13/2005 | LPOSD Legal Postage Disbursement (State) | .60 | | |
| | | 2101 Offender Funds | | 0.60 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.60 |
| | Narration: | Batch: 528497, Ref:drf - | | | |
| 13913007 | 07/13/2005 | LPOSD Legal Postage Disbursement (State) | .60 | | |
| | | 2101 Offender Funds | | 0.60 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.60 |
| | Narration: | Batch: 528497, Ref:drf - | | | |
| 13913008 | 07/13/2005 | LPOSD Legal Postage Disbursement (State) | .60 | | |
| | | 2101 Offender Funds | | 0.60 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.60 |
| | Narration: | Batch: 528497, Ref:drf - | | | |
| 13913009 | 07/13/2005 | LPOSD Legal Postage Disbursement (State) | .60 | | |
| | | 2101 Offender Funds | | 0.60 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.60 |
| | Narration: | Batch: 528497, Ref:drf - | | | |
| 13913010 | 07/13/2005 | LPOSD Legal Postage Disbursement (State) | .60 | | |
| | | 2101 Offender Funds | | 0.60 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.60 |
| | Narration: | Batch: 528497, Ref:drf - | | | |
| 13913011 | 07/13/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 528497, Ref:drf - | | | |
| 13913012 | 07/13/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 528497, Ref:drf - | | | |

2005 09:58:20

# Michigan Department Of Corrections
## Trust Account Statement
### For the period 01/01/2005 to 10/14/2005

Page 3 of 26

| | |
|---|---|
| MDOC Nbr.: 431007 | Name: HANN, GARY S |
| Birth Date: 05/13/1949 | Location: BOYER ROAD CORRECTIONA |
| Current Balance: 32.17 | Hold Balance: .00 |

Current Lock Loc.: B-002
Jurisdiction Dates: 09/20/2002
Account Dates: 07/01/2005
Active: Yes
A/C Status: Active

**Trust-Carson City Regional Caseload**

| GJ No. | Date | Description | Debit | Credit |
|---|---|---|---|---|
| 14012907 | 07/20/2005 | *LCSTD Legal Copies Disbursement (State)* | 4.00 | |
| | | 2101 Offender Funds | | 4.00 |
| | | 2581 Copies (State) Payable - Direct | | |
| | Narration: | Batch: 531727, Ref: - | | 4.00 |
| 14013618 | 07/20/2005 | *LPOSD Legal Postage Disbursement (State)* | .37 | |
| | | 2101 Offender Funds | | 0.37 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 531769, Ref:drf - | | 0.37 |
| 14013619 | 07/20/2005 | *LPOSD Legal Postage Disbursement (State)* | .60 | |
| | | 2101 Offender Funds | | 0.60 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 531769, Ref:drf - | | 0.60 |
| 14013620 | 07/20/2005 | *LPOSD Legal Postage Disbursement (State)* | .60 | |
| | | 2101 Offender Funds | | 0.60 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 531769, Ref:drf - | | 0.60 |
| 14013621 | 07/20/2005 | *LPOSD Legal Postage Disbursement (State)* | .37 | |
| | | 2101 Offender Funds | | 0.37 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 531769, Ref:drf - | | 0.37 |
| 14013632 | 07/20/2005 | *LPOSD Legal Postage Disbursement (State)* | .37 | |
| | | 2101 Offender Funds | | 0.37 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 531769, Ref:drf - | | 0.37 |
| 14013634 | 07/20/2005 | *LPOSD Legal Postage Disbursement (State)* | 3.95 | |
| | | 2101 Offender Funds | | 3.95 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 531769, Ref:drf - | | 3.95 |
| 14024594 | 07/21/2005 | *LCSTD Legal Copies Disbursement (State)* | 1.35 | |
| | | 2101 Offender Funds | | 1.35 |
| | | 2581 Copies (State) Payable - Direct | | |
| | Narration: | Batch: 532236, Ref: - | | 1.35 |
| 14045192 | 07/22/2005 | *LCSTD Legal Copies Disbursement (State)* | .20 | |
| | | 2101 Offender Funds | | 0.20 |
| | | 2581 Copies (State) Payable - Direct | | |
| | Narration: | Batch: 533181, Ref: - | | 0.20 |
| 14045212 | 07/22/2005 | *LPOSD Legal Postage Disbursement (State)* | .37 | |
| | | 2101 Offender Funds | | 0.37 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 533183, Ref:otf - | | 0.37 |
| 14045213 | 07/22/2005 | *LPOSD Legal Postage Disbursement (State)* | .37 | |
| | | 2101 Offender Funds | | 0.37 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 533183, Ref:otf - | | 0.37 |
| 14045214 | 07/22/2005 | *LPOSD Legal Postage Disbursement (State)* | .37 | |
| | | 2101 Offender Funds | | 0.37 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 533183, Ref:otf - | | 0.37 |
| 14045215 | 07/22/2005 | *LPOSD Legal Postage Disbursement (State)* | .37 | |
| | | 2101 Offender Funds | | 0.37 |
| | | 2583 Postage (State) Payable - Direct | | |
| | Narration: | Batch: 533183, Ref:otf - | | 0.37 |

05 09:58:20

# M[  ] gan Department Of Corrections
## Trust Account Statement
### For the period 01/01/2005 to 10/14/2005

Page 4 of 26

MDOC Nbr.: 431007        Name: HANN, GARY S        Current Lock Loc.: B-002

Birth Date: 05/13/1949        Location: BOYER ROAD CORRECTIONA        Jurisdiction Dates: 09/20/2002        Active: Yes

Current Balance: 32.17        Hold Balance: .00        Account Dates: 07/01/2005        A/C Status: Active

| GJ No. | Date | Description | | Debit | Credit |
|---|---|---|---|---|---|
| **Trust-Carson City Regional Caseload** | | | | | |
| 14045216 | 07/22/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 533183, Ref:otf - | | | |
| 14045217 | 07/22/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 533183, Ref:otf - | | | |
| 14045218 | 07/22/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 533183, Ref - | | | |
| 14046106 | 07/25/2005 | CRT Commissary Regular Transaction | 7.45 | | |
| | | 2101 Offender Funds | | 7.45 | |
| | | 2501 Payable to Commissary | | | 7.45 |
| | Narration: | Rost -Commissary TXN - | | | |
| 14069220 | 07/26/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 534102, Ref - | | | |
| 14069222 | 07/26/2005 | LPOSD Legal Postage Disbursement (State) | .60 | | |
| | | 2101 Offender Funds | | 0.60 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.60 |
| | Narration: | Batch: 534102, Ref:otf - | | | |
| 14069223 | 07/26/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 534102, Ref:otf - | | | |
| 14083103 | 07/27/2005 | LCSTD Legal Copies Disbursement (State) | 1.10 | | |
| | | 2101 Offender Funds | | 1.10 | |
| | | 2581 Copies (State) Payable - Direct | | | 1.10 |
| | Narration: | Batch: 534665, Ref: - | | | |
| 14108592 | 08/01/2005 | CRT Commissary Regular Transaction | 22.05 | | |
| | | 2101 Offender Funds | | 22.05 | |
| | | 2501 Payable to Commissary | | | 22.05 |
| | Narration: | Rost -Commissary TXN - | | | |
| 14117974 | 08/01/2005 | LCSTD Legal Copies Disbursement (State) | 1.40 | | |
| | | 2101 Offender Funds | | 1.40 | |
| | | 2581 Copies (State) Payable - Direct | | | 1.40 |
| | Narration: | Batch: 536225, Ref: - | | | |
| 14120268 | 08/01/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 536239, Ref:otf - | | | |
| 14120271 | 08/01/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 536239, Ref:otf - | | | |
| 14120273 | 08/01/2005 | LPOSD Legal Postage Disbursement (State) | .37 | | |
| | | 2101 Offender Funds | | 0.37 | |
| | | 2583 Postage (State) Payable - Direct | | | 0.37 |
| | Narration: | Batch: 536239, Ref:otf - | | | |