UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GARY S. HANN, #431007**

    Petitioner,

                                       Civil No: 06-CV-13478
                                       Honorable Nancy G. Edmunds
                                       Magistrate Judge Mona K. Majzoub

v.

**SHIRLEE S. HARRY**,

    Respondent.
_____

**OPINION & ORDER DENYING HABEAS PETITION AND DENYING
AS MOOT PETITIONER'S PENDING MOTIONS**

**I. Introduction**

      This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of child sexually abusive activity and using the internet to induce another to commit a crime. He was sentenced to two concurrent terms of two to twenty years imprisonment. Petitioner raises several issues and elaborates upon each claim with numerous sub-parts. Succinctly, Petitioner asserts that: (1) his convictions are prohibited because he is actually innocent and his actions did not violate any criminal statutes; (2) the circuit court had no personal jurisdiction to conduct his arraignment and his plea was unlawful; (3) his convictions are prohibited because he was not aware of the nature of the charges, nor the elements of the charged crime; (4) the charges were duplicitous, and trial counsel nor the court understood the elements of the two crimes with which he was charged; (5) Petitioner received ineffective assistance of trial and appellate counsel; (6) the Michigan statutes under which Petitioner was charged are vague and

overbroad[1]; (7) Petitioner was wrongly denied parole; and (8) Petitioner's equal protection rights were violated. Respondent filed an "Answer in Opposition to Application for Writ of Habeas Corpus" asserting that Petitioner's claims are procedurally defaulted. For the reasons set forth below, the Court denies Petitioner's request for habeas relief and denies the numerous motions filed by the Petitioner in this matter as moot.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits -

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. §2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413

---

[1] MCL 750.145c(2) & MCL 750.145d(2)(F)

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410. "[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.

**III. Discussion**

    **A. Petitioner's State Court Process**

Due to the convoluted nature of the myriad of filings made by the Petitioner relative to this matter, the Court will itemize the order of state court filings as follows:

● Petitioner entered into a "no contest" *Cobb's*[2] plea agreement relative to the above stated offenses on September 20, 2002.

● Petitioner was sentenced on December 6, 2002.

● Petitioner failed to timely appeal his December 6, 2002 conviction.

● Instead, Petitioner filed, with the Michigan Court of Appeals, a motion for peremptory reversal, a motion to remand and a delayed application for leave to appeal in an attempt to withdraw his *Cobbs* plea, raising the following issues: (1) Petitioner's plea was unknowing, unwilling and involuntary; (2) Petitioner is actually innocent; (3) Petitioner received ineffective assistance of trial and appellate counsel; (3) MCL §750.145c(2) is unconstitutionally vague and overbroad; (4) Michigan lacks jurisdiction to convict Petitioner since the charges involve interstate communication; (5) prosecutorial misconduct by withholding exculpatory evidence, abusive overcharging and

---

[2] A *Cobbs* plea agreement is made between the prosecutor and the defendant, but it is based in part, on the judge's pronouncement of a preliminary sentence estimate. *People v. Cobbs,* 443 Mich. 276; 505 N.W.2d 208 (1993)

selective prosecution; and (6) Petitioner was wrongfully charged and convicted. Petitioner's request for relief was denied in total. *People v. Hann,* No: 252386 (Mich. App. March 31, 2004).

- Petitioner filed a motion for reconsideration of the March 31, 2004 ruling; and that request was denied. *People v. Hann,* No: 252386 (Mich. App. May, 24 2004).

- Petitioner then requested habeas relief from the Michigan Court of Appeals claiming that the statutes under which he was charged did not prohibit any cognizable crime. Petitioner's habeas petition was returned for failure to pay the necessary filing fees. *Hann v. Michigan Department of Corrections,* No: 255855 (Mich. App. July 1, 2004).

- Petitioner appealed to the Michigan Supreme Court the Michigan Court of Appeals' March 31, 2004 order, which was denied. *People v. Hann,* 471 Mich. 886; 688 N.W.2d 504 (Table) Mich. Sup. Ct. No. 126475 (September 28, 2004).

- Petitioner filed a motion for reconsideration with the Michigan Supreme Court relative to its September 28, 2004 order, which was denied. *People v. Hann,* 471 Mich. 956; 690 N.W.2d 109 (Table) Mich. Sup. Ct. No. 126475 (December 29, 2004).

- Petitioner next filed several post-judgment motions with the trial court in an effort to have his plea and sentence vacated.

- On December 22, 2004, the trial court addressed and denied each of Petitioner's motions in one cumulative order.

- Petitioner filed a motion for reconsideration with the trial court, which was denied on January 25, 2005.

- Petitioner appealed the December 22, 2004 order to the Michigan Court of Appeals; and the appeal was denied. *People v. Hann,* No: 260328, (Mich. App. April 1, 2005).

● Petitioner appealed the Michigan Court of Appeals' April 1, 2005 order to the Michigan Supreme Court; and relief was denied. *People v. Hann,* 473 Mich. 885; 699 N.W.2d 705 (Table) Mich. Sup. Ct. No. 128793 (July 26, 2005).

● Petitioner again filed a delayed application for leave to appeal his December 6, 2002 conviction and moved for peremptory reversal. The appeal was dismissed as untimely. *People v. Hann,* No: 263051 (Mich. App. June 15, 2005).

● Petitioner filed a motion for reconsideration, which was denied. *People v. Hann,* No: 252386 (Mich. App. August 10, 2005).

● Petitioner appealed the June 15, 2005 Michigan Court of Appeals ruling to the Michigan Supreme Court and relief was denied. *People v. Hann,* 474 Mich. 980; 707 N.W.2d 198 (Table) Mich. Sup. Ct. No. 129594 (December 27, 2005).

● Petitioner filed another delayed application for leave to appeal from the December 22, 2004 cumulative order denying Petitioner's post-judgment motions to vacate his December 6, 2002 judgment and sentence. The Michigan Court of Appeals stated:

> A review of appellant's pleadings showed that he is once again challenging the validity of the December 2002 judgment of sentence. Under the court rules, appellant had 21 days after the entry of the December 2004 order to file a delayed application for leave to appeal if he wanted to challenge this judgment of sentence . . . This Court lacked jurisdiction since appellant failed to file his appeal within the time provided by the court rules.

*People v. Hann,* No: 267027 (Mich. App. March 1, 2006) (citations omitted).

● Petitioner appealed this March 1, 2006 ruling to the Michigan Supreme Court; and relief was denied. *People v. Hann,* 475 Mich. 888; 715 N.W.2d 905 (Table) Mich. Sup. Ct. No. 130683 (June 26, 2006).

**B. Substantive Issues the Court Will Review**

Respondent asserts that all of Petitioner's claims are procedurally defaulted, *infra.* The Court, however, finds that three issues warrant substantive review. The first issue is whether MCL §750.145c(2)[3] is vague and overbroad, thus violating Petitioner's constitutional right to due process, equal protection and protected speech. Petitioner asserts that §750.145c(2) does not sufficiently define the conduct proscribed, nor does it provide a scienter requirement. Statutes are presumed to be constitutional, and courts are obligated to construe a statute as constitutional unless its unconstitutionality is clearly apparent. *People v. Hubbard,* 217 Mich. App. 459, 483; 552 N.W.2d 593 (1996) A statute may be unconstitutionally vague if: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; or (3) its coverage is overly broad and impinges on First Amendment freedoms. *People v. White,* 212 Mich. App. 298, 309; 536 N.W.2d 876 (1995). First Amendment overbreadth challenges to state statutes are reviewable in a petition for writ of habeas corpus. See *Staley v. Jones,* 239 F.3d 769, 781 (6th Cir. 2001).

Petitioner's claim lacks merit for two reasons. First, the extent of his assertion relative to this claim, is that the statutory language "prepare to arrange for" is unconstitutionally vague and

---

[3] "A person who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material, or a person who arranges for, produces, makes, or finances, or a person who attempts or prepares or conspires to arrange for, produce, make or finance any child sexually abusive activity or child sexually abusive material is guilty of a felony, punishable by imprisonment for not more than 20 years, or a fine of not more than $100,000.00 or both, if that person knows, has reason to know, or should reasonably be expected to know that the child is a child or that the child sexually abusive material includes a child or that the depiction constituting the child sexually abusive material appears to include a child, or that person has not taken reasonable precautions to determine the sage of the child." §750.145c(2)

overbroad; and that the scienter element of the statute as it relates to the age is not possible to be met over the internet. Michigan case law has rejected the argument that §750.145c(2) is overbroad. *People v. Gezelman,* 202 Mich. App. 172, 174; 507 N.W.2d 744 (1993). Additionally, the Court disagrees that §750.145c(2) is vague as the statute expressly prohibits arranging or planning to do anything sexual with a child. The language used to prohibit the act is not so vague that a person of common intelligence must necessarily guess at its meaning. See *People v. Munn,* 198 Mich. App. 726, 727; 499 N.W.2d 459 (1993).

Finally, Petitioner fails to allege a clear factual basis to support his overbreadth and vagueness claim, but only has made conclusory statements, which is insufficient to challenge the statute. See *Manning v. Montgmery,* 2001 WL 1725371 (N.D. Ohio Oct. 31, 2001). Case law provides that when a statute is challenged on vagueness grounds "the complaint must demonstrate that the law is impermissibly vague in all of the applications." *Village of Hoffman Estate v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498 (1982). For these reasons, the Court finds that Petitioner has failed to show that §750.145c(2) is void for overbreadth and vagueness, thus not being contrary to clearly established federal law.

The second and third substantive issues of actual innocence and ineffective assistance of counsel will be addressed below in the procedural default discussion.

### C. Exhaustion of State Remedies

Federal habeas relief is impermissible "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "This requirement however, refers only to remedies still available at the time of the federal petition." *Engle v. Isaac,* 456 U.S. 107, 110 (1982). Upon the Court's review of Petitioner's time spent in the trial and appellate

courts, although Petitioner has filed voluminous and repetitive pleadings with both courts, several issues that are before the Court for habeas review were never raised in the appellate courts. Although issues were asserted on appeal, as set forth above, relief was denied very often due to a failure to pay fees or a failure to file the appellate pleading timely. Therefore, most of Petitioner's claims were not "fairly represented" at all stages of the appellate process, thereby requiring a post-judgment motion in order to "fairly represent" the unexhausted issues in the appellate courts. See *O'Sullivan v. Boerkel,* 526 U.S. 838, 847-48 (1999). However, a review of Petitioner's filing activity in the trial and appellate courts indicates that post-conviction relief is no longer available for the Petitioner since he has already filed post-conviction motions relative to his plea and sentence being vacated and/or withdrawn. MCR 6.502(G). Since there are no state "remedies still available" Petitioner's habeas claims stand technically exhausted under federal law. *Engle v. Isaac,* 456 U.S. at 110; *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).

**D. Procedural Default**

Since Petitioner's are technically exhausted, it is necessary for the Court to review the principles of procedural default. The form of procedural that is relevant in this case is when a petitioner cannot return to state court after failing to pursue a claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerkel,* 526 U.S. at 847-48. Since Petitioner cannot return to the state courts to exhaust his unexhausted claims due to his previous post-judgment filings from which he has also appealed in this matter, he is in procedural default. Federal courts will not consider the merits of a procedurally defaulted claim unless the petition demonstrates cause and prejudice or that a "fundamental miscarriage of justice" will result if the claims are not reviewed. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

### 1. Cause and Prejudice

Petitioner has not offered any argument in support of a finding of "cause and prejudice." Instead, he has filed a 251 page habeas petition, including attachments, and 21 motions requesting a variety of forms of relief, while continuing to add more unexhausted claims to his petition (i.e., double jeopardy claims, prosecutorial misconduct, Eighth Amendment violations, parole violations, involuntariness of his *Cobbs* plea, etc.). Although Petitioner raises the issue of ineffective assistance trial and appellate counsel, he does not offer the claim as a means of surviving procedural default. Moreover, Petitioner's argument does not rise to the level of meeting the two-prong *Strickland v. Washington* test which governs claims of ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668 (1984).

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The Petitioner in this case must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the Petitioner by the Sixth Amendment. *Id.* at 687. An attorney's deficient performance is prejudicial if counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* at 687.

The *Strickland* framework also applies in plea situations, as in this case. See *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). The first prong of the test remains the same, however, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. In other words, the Petitioner in this case must show "that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.;* see also *Smith v. United States,* 348 F.2d 545, 551-52 (6th Cir.2003).

Petitioner in this case does not apply the *Strickland* framework to his case, but rather created an extensive laundry list of various actions or inactions on the part of his trial and appellate attorney that he was not happy with relative to his legal representation. There is no argument tying items on the list with the requirements of *Strickland.*

### 2. Miscarriage of Justice

Petitioner may overcome his procedural default in the absence of "cause and prejudice" by showing actual innocence. *Lott v. Coyle,* 261 F.3d 594, 620 (6th Cir. 2001). This narrow exception for fundamental miscarriages of justice requires the habeas applicant to demonstrate that the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v. Haley,* 541 U.S. 386, 388 (2004). "To establish the requisite probability, the petitioner must show that it is more likely than not that no responsible juror would have convicted him in light of . . . new evidence." *Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Petitioner has not submitted any new evidence from which a reasonable juror could conclude that he was innocent or the charged offenses. Therefore, a miscarriage of justice will not occur as a result of the Court's failure to adjudicate the merits of Petitioner's claims. Consequently, Petitioner's claims are procedurally defaulted.

### III. Conclusion

Accordingly,

IT IS ORDERED that Petitioner's writ for habeas corpus relief **[Doc. 1-1, filed August 2, 2006]** is **DENIED.**

IT IS FURTHER ORDERED that the habeas petition is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that all pending motions filed in this matter are **DENIED** as **MOOT**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 7, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 7, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager