UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GARY S. HANN, #431007**

    **Petitioner,**

                                      Civil No: 06-CV-13478
                                      Honorable Nancy G. Edmunds
                                      Magistrate Judge Mona K. Majzoub

v.

**SHIRLEE S. HARRY**,

    **Respondent.**

_____

**OPINION & ORDER DENYING
MOTION FOR RECONSIDERATION**

**I. INTRODUCTION**

    Petitioner, Gary S. Hann, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254 on August 2, 2006 challenging his conviction of child sexually abusive activity and using the internet to induce another to commit a crime. He sought habeas relief based upon his claims of: (1) actual innocence; (2) lack of personal jurisdiction; (3) unawareness of the nature of the charges and the elements of the charged crime; (4) duplicitous charges and unawareness by trial counsel and the trial court of the elements of the two crimes with which he was charged; (5) ineffective assistance of trial and appellate counsel; (6) vague and over-broad statutory law; (7) improper denial of parole; and (8) an equal protection violation. Respondent filed an "Answer in Opposition to Application for Writ of Habeas Corpus" asserting that all of Petitioner's claims were procedurally defaulted.

    Petitioner's request for habeas relief was denied on September 7, 2007, and his pending motions were denied as moot. Petitioner now seeks reconsideration of this Court's judgment

claiming the following: (1) procedural default was not established by the Respondent; (2) Petitioner should have been given notice about any procedural default issues so that he could have been provided the opportunity to be heard on the matter; (3) the trial court had no subject matter jurisdiction because the information was not filed at the time of Petitioner's arraignment; (4) appellate counsel was ineffective because he did not raise a "dead-bang winner" on appeal, he did not provide Petitioner with advice, he did not generate any work product, and he abandoned Petitioner's appeal; (5) Petitioner was wrongfully denied new appellate counsel; (6) Petitioner was unaware of the charges, the elements of the charges and was not responsible for his lack of knowledge; (7) there was no evidence that a crime had been committed; (8) ineffective assistance of trial counsel; and (9) ineffective appellate counsel was the cause for any perceived procedural default in this matter.

## II. STANDARD OF REVIEW

Local Rule 7.1(h) allows a party to file a motion for reconsideration. *E.D. Mich. LR 7.1(h)*. Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

See, *Czajkowski v. Tindall & Associates, P.C.*, 967 F.Supp. 951, 952 (E.D.Mich.1997). Thus, the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F.Supp.2d 671, 674

(E.D.Mich.2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D.Mich.2001).

## III. <u>DISCUSSION</u>

The Court finds that Petitioner has not alleged a "palpable defect by which the court and the parties have been misled" and DENIES Petitioner's motion for reconsideration. See, E.D. MICH. L.R. 7.1(g)(3).

### A. <u>Procedural Default</u>

Petitioner asserts that procedural default was not established by the Respondent and that he should have been given notice about the default so that he could have been provided the opportunity to be heard on the matter. Petitioner cites *Brooks v. McKee,* 307 F.Supp. 2d 902 (E.D. Mich. 2004) in support of his position. The Court rejects this argument for two reasons. First, *Brooks* does not stand for the position espoused by Petitioner. *Brooks* states that the district court may *sua sponte* raise the issue of a statute of limitations problem relative to a federal habeas corpus petition, as long as the petitioner is afforded notice and the opportunity to be heard prior to dismissal. *Brooks v. McKee,* 307 F.Supp. 2d 902, 904 (E.D. Mich. 2004). The issue before the Court is not a statute of limitations problem, but rather a procedural default dilemma for which Petitioner must demonstrate cause in order to have the procedurally defaulted claims heard on the merits. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Case law does not support a petitioner's entitlement to notice and a hearing about his or her own procedural default.

Moreover, Respondent in this case filed its answer to the habeas petition on February 27, 2007. On March 26, 2007, Petitioner filed an "Emergency Motion for Order Denying Respondent's Unsupported Averments of Procedural Default and Granting Petitioner's Immediate Release"

asserting that any procedural default was caused by appellate counsel and/or the lack thereof. The opinion denying habeas relief was not entered until September 7, 2007. Therefore, Petitioner received notice through Respondent's pleading and the Court had an opportunity to review his response to the procedural default claim prior to rendering its decision in this matter. Consequently, claims (1) and (2) in support of reconsidering the Court's decision to deny habeas relief are rejected.

B. **Appointment of Appellate Counsel**

Petitioner also asserts that he was wrongfully denied new appellate counsel, which in turn *caused* several of Petitioner's claims to become procedurally defaulted. Consequently, Petitioner argues, his opportunity to be granted relief on the merit of his claims was compromised causing his legal position in this case to be prejudiced.

Initially, the Court did not grant relief relative to this issue for the following reasons: (1) after Petitioner entered into a no-contest plea pursuant to a *Cobbs*[1] agreement, he was appointed appellate counsel; (2) although appellate counsel withdrew his representation, the Court was led to believe that a brief was filed by the appellate attorney on Petitioner's behalf; (3) the Court was led to believe appellate counsel's withdrawal was Petitioner's choice; and (4) the details of the circumstances supporting Petitioner's position were buried in one habeas petition and two corrected petitions totaling approximately 500 pages and in excess of 21 motions and other filings and attachments.

1. **Brief Chronology of Events**

On December 6, 2002, Petitioner's judgment and sentence were entered. On January 29,

---

[1]A *Cobbs* plea agreement is made between the prosecutor and the defendant, but it is based in part, on the judge's pronouncement of a preliminary sentence estimate. *People v. Cobbs,* 443 Mich. 276; 505 N.W.2d 208 (1993)

2003, Petitioner was appointed John D. Roach, Jr. as appellate counsel. On June 20, 2003, Mr. Roach filed a motion to withdraw his representation; and on July 2, 2003, the trial court granted his motion. However, the record does not reflect that Mr. Roach filed anything on Petitioner's behalf relative to the appeal. Some time in September 2003 Petitioner requested that the trial court appoint another appellate attorney to represent him on appeal. Petitioner states that the trial court denied his motion without any supporting reasons in August 2004, 11 months after the motion was filed[2]. Petitioner also asserts that he filed another motion requesting an appellate attorney appointment on July 21, 2005 with the trial court and a copy was sent to the Michigan Court of Appeals. He claims that he never received a disposition relative to that motion and none is indicated in the record.

While trying to obtain appellate counsel, Petitioner filed several post-judgment motions in an effort to withdraw his plea and to otherwise seek relief. Petitioner also filed at least 3 applications for leave to appeal as well as other motions with the appellate courts. The record reflects, through correspondence from the Michigan Court of Appeals, that at various times during a 4 year process of filing various pleadings, documents were admittedly lost and/or "accidentally misplaced" by the appellate court. Also, significant delays are apparent relative to the entry of trial court orders regarding various motions filed by Petitioner.

Respondent does not dispute and/or address any of these facts, but rather argues that each and every issue raised by Petitioner is procedurally defaulted; and therefore denial of relief is appropriate.

---

[2]The record indicates "ORDER FILED" on July 23, 2004 and on August 2, 2004 "ORDER FILED SUPREME CT/JC." Otherwise, it is not clear when an order denying Petitioner's request for appellate counsel was entered, as there is not a copy of the order in the Court's record.

## 2. Law & Analysis

A defendant has a right to be represented by counsel on his first appeal from his conviction. *Douglas v. California,* 372 U.S. 353, 356 (1963). This absolute right to be represented by effective assistance of counsel applies to direct appeals of right, *Evitts v. Lucey,* 469 U.S. 387, 395-97 (1985), as well as first-tier discretionary appeals. *Halbert v. Michigan,* l25 S.Ct. 2582, 2586 (2005). In the present case, Mr. Roach was appointed Petitioner's appellate counsel, but was permitted to withdraw without first filing an *Anders* brief. *Anders v. California,* 386 U.S. 738, 744 (1967). The *Anders* Court held that a court-appointed appellate counsel could move to withdraw if, following "a conscientious examination" of the case, appellate counsel determined that the case was "wholly frivolous." Id. The *Anders* Court stated that any request by appellate counsel to withdraw should "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.*

> A copy of this brief should be furnished to the defendant and time should be given to allow him to raise any points that he chooses. The Supreme Court indicated that the court, and not counsel, should decide, after a full examination of all the proceedings, whether the case is wholly frivolous. If the court makes such a finding, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned.

*David v. Birkett,* 05-71519, 2006 WL 2660763, *3 (E.D. Mich. Sept. 15, 2006), citing *Anders v. California,* 386 U.S. at 744. The record does not contain any hearing transcripts relative Mr. Roach's withdrawal in this case. However, there is a notation on the trial court docket sheet that an order was entered granting Mr. Roach's motion to withdraw from Petitioner's case, but no docket entry relative to Mr. Roach filing anything on Petitioner's behalf relative to his appeal. Case law provides that an appellate counsel's failure to meet the *Anders'* requirements relative to withdrawing from representing a criminal defendant is presumptively prejudicial. *Allen v. United States,* 938

F.2d 664, 666 (6th Cir. 1991). Accordingly, withdrawing legal representation in this manner constitutes a constructive denial of Petitioner's right to appellate counsel on his first-tier appeal. There is however, in this case, the issue of retroactivity of the rule regarding a criminal defendant's right to first-tier appellate counsel for a discretionary appeal.

*Halbert v. Michigan* was decided on June 23, 2005. Petitioner's judgment of conviction was entered on December 6, 2002; his attorney officially withdrew from Petitioner's case on July 2, 2003; and Petitioner's first motion requesting replacement appellate counsel was in September 2003. Although a subsequent appellate counsel request was filed in July 2005, which was after *Halbert*, the majority of significant activity relative to the appellate counsel issue and the finality of Petitioner's judgment in this case occurred before *Halbert* was decided.

The Sixth Circuit very recently held that Supreme Court precedent "bars the retroactive application of *Halbert* on collateral review." *Simmons v. Kapture*,___F.3d___, 2008 WL 398300, *1 (6th Cir. 2008) (en banc).[3] The court's previous opinion in *Simmons v. Kapture*, 474 F.3d 869 (6th Cir. 2007), which held that *Halbert* did apply retroactively, was vacated.

Therefore, because this matter was pre-*Halbert,* and because *Halbert* does not apply

---

[3]The Court's analysis was based on *Teague v. Lane,* 489 U.S. 288 (1989), which governs whether a Supreme Court decision should apply retroactively. *Teague* sets forth a three-step analysis: (1) determine the date the defendant's conviction became final; (2) consider whether "a state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution." *Lambrix v. Singletary,* 520 U.S. 518, 527 (1997). If so, the *Halbert* rule should be applied retroactively. If not, then the rule is new and it is not retroactive unless it comes within one of the narrow exceptions set forth in *Teague*: (1) "if it places certain kinds of primary, private individual conduct beyond the power of criminal lawmaking authority to proscribe;" or (2) if it requires the observance of those procedures that . . . are implicit in the concept of ordered liberty;" (i.e., watershed rules of criminal procedure). *Teague v. Lane,* 489 U.S. at 307, 311.

retroactively to cases on collateral habeas corpus review, the rule regarding a right to first-tier discretionary appeals is not applicable to Petitioner's case. Accordingly, the Court concludes that Petitioner was not deprived of his right to the assistance of appellate counsel and therefore is not entitled to the issuance of a writ of habeas corpus.

**IV. <u>CONCLUSION</u>**

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Reconsideration or Clarification" [Doc. #69-1, filed December 17, 2007] is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's "Eleventh Dispositive Motion for Summary Disposition" [Doc. #57-1, filed September 19, 2007] is **DENIED** as **MOOT WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's "Application to Proceed *In Forma Pauperis on Appeal*"[Doc. #64-1, filed October 24, 2007] is **DENIED** as **MOOT WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's Motion for Clarification and Enlargement of Time" [Doc. #66-1, filed October 24, 2007] is **DENIED** as **MOOT WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's "Motion for More Definite Statement and Correction of Errata" [Doc. #68-1, filed November 9, 2007] is **DENIED** as **MOOT WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Stay Appeal" [Doc. #71-1, filed December 17, 2007] is **DENIED** as **MOOT WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is **DENIED.**

IT IS FURTHER ORDERED THAT Petitioner's "Motion for Oral Argument" [Doc. #73]

is **DENIED.**

        **s/Nancy G. Edmunds**
        **Nancy G. Edmunds**
        **United States District Judge**

**Dated: March 6, 2008**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2008, by electronic and/or ordinary mail.**

        **s/Carol A. Hemeyer**
        **Case Manager**