UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,

    Petitioner(s),

v.

SHIRLEE A. HARRY,

    Respondent(s).
                                    /

Case No. 06-13478

Honorable Nancy G. Edmunds

**OPINION AND ORDER VACATING THE COURT'S ORDERS OF SEPTEMBER 7, 2007 (DOCKET TEXT # 55); MARCH 6, 2008 (DOCKET TEXT # 75); APRIL 22, 2008 (DOCKET TEXT # # 84, 86); and APRIL 25, 2008 (DOCKET TEXT # 100); and CONDITIONALLY GRANTING IN PART PETITIONER'S HABEAS PETITION [1]**

Petitioner, Gary S. Hann, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254 on August 2, 2006 challenging his conviction of child sexually abusive activity and using the internet to induce another to commit a crime. He sought habeas relief based upon his claims of: (1) actual innocence; (2) lack of personal jurisdiction; (3) unawareness of the nature of the charges and the elements of the charged crime; (4) duplicitous charges and unawareness by trial counsel and the trial court of the elements of the two crimes with which he was charged; (5) ineffective assistance of trial and appellate counsel; (6) vague and over-broad statutory law; (7) improper denial of parole; and (8) an equal protection violation. Respondent filed an "Answer in Opposition to Application for Writ of Habeas Corpus" asserting that all of Petitioner's claims were procedurally defaulted.

Petitioner's request for habeas relief was denied on September 7, 2007, and his pending motions were denied as moot. The Court addressed the merits of three of

Petitioner's claims (vague/over-broad statutory law, ineffective assistance of trial counsel, and actual innocence) and determined that the remainder of Petitioner's claims were procedurally defaulted. The Court did not address Petitioner's claim that he was wrongfully denied new appellate counsel because (1) after Petitioner entered into a no-contest plea pursuant to a *Cobbs*[1] agreement, he was appointed appellate counsel; (2) although appellate counsel withdrew his representation, the Court was led to believe that a brief was filed by the appellate attorney on Petitioner's behalf; (3) the Court was led to believe appellate counsel's withdrawal was Petitioner's choice; and (4) the details of the circumstances supporting Petitioner's position were buried in one habeas petition and two corrected petitions totaling approximately 500 pages and in excess of 21 motions and other filings and attachments.

Petitioner sought reconsideration of the Court's judgment and claimed the following: (1) procedural default was not established by the Respondent; (2) Petitioner should have been given notice about any procedural default issues so that he could have been provided the opportunity to be heard on the matter; (3) the trial court had no subject matter jurisdiction because the information was not filed at the time of Petitioner's arraignment; (4) appellate counsel was ineffective because he did not raise a "dead-bang winner" on appeal, he did not provide Petitioner with advice, he did not generate any work product, and he abandoned Petitioner's appeal; (5) Petitioner was wrongfully denied new appellate counsel; (6) Petitioner was unaware of the charges, the elements of the charges and was not

---

[1]A *Cobbs* plea agreement is made between the prosecutor and the defendant, but it is based in part, on the judge's pronouncement of a preliminary sentence estimate. *People v. Cobbs,* 505 N.W.2d 208 (Mich. 1993).

responsible for his lack of knowledge; (7) there was no evidence that a crime had been committed; (8) ineffective assistance of trial counsel; and (9) ineffective appellate counsel was the cause for any perceived procedural default in this matter.

The Court denied Petitioner's motion. The Court addressed Petitioner's appellate counsel argument and concluded that Petitioner's judgment of conviction was final before the Supreme Court's decision in *Halbert v. Michigan*, 545 U.S. 605 (2005). Accordingly, based on the Sixth Circuit's holding in *Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008), that *Halbert* does not apply retroactively to cases proceeding on collateral habeas review, this Court determined that Petitioner was not entitled to *Halbert's* protections and therefore had no right to counsel on his first-tier discretionary appeal.

It has since come to the Court's attention that Petitioner's judgment of conviction was not final when *Halbert* was decided. The Court is therefore compelled to vacate its previous orders that denied Petitioner's habeas petition. For the reasons set forth below, the petition is CONDITIONALLY GRANTED.

**I.     Facts Relating to Appellate Counsel**

On December 6, 2002, Petitioner's judgment and sentence were entered. On January 29, 2003, Petitioner was appointed John D. Roach, Jr. as appellate counsel. On June 20, 2003, Mr. Roach filed a motion to withdraw his representation; and on July 2, 2003, the trial court granted his motion. However, the record does not reflect that Mr. Roach filed anything on Petitioner's behalf relative to the appeal. Some time in September 2003, Petitioner requested that the trial court appoint another appellate attorney to represent him on appeal. Petitioner states that the trial court denied his motion without any

supporting reasons in August 2004, 11 months after the motion was filed.² Petitioner also asserts that he filed another motion requesting an appellate attorney appointment on July 21, 2005 with the trial court and that a copy was sent to the Michigan Court of Appeals. He claims that he never received a disposition relative to that motion, and none is indicated in the record.

While trying to obtain appellate counsel, Petitioner filed several post-judgment motions in an effort to withdraw his plea and to otherwise seek relief. Petitioner also filed at least 3 applications for leave to appeal, as well as other motions with the appellate courts. The record reflects, through correspondence from the Michigan Court of Appeals, that at various times during a 4 year process of filing various pleadings, documents were admittedly lost and/or "accidentally misplaced" by the appellate court. Also, significant delays are apparent relative to the entry of trial court orders regarding various motions filed by Petitioner.

Respondent did not dispute and/or address any of these facts, but rather argued that each and every issue raised by Petitioner is procedurally defaulted and that denial of relief is therefore appropriate.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits:

---

²The record indicates "ORDER FILED" on July 23, 2004 and on August 2, 2004 "ORDER FILED SUPREME CT/JC." Otherwise, it is not clear when an order denying Petitioner's request for appellate counsel was entered, as there is not a copy of the order in the Court's record.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. §2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410. "[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.

### III.   Analysis

A defendant has a right to be represented by counsel on his first appeal from conviction. *Douglas v. California,* 372 U.S. 353, 356 (1963). This absolute right to be represented by effective assistance of counsel applies to direct appeals of right, *Evitts v. Lucey,* 469 U.S. 387, 395-97 (1985), as well as first-tier discretionary appeals, *Halbert*, 545 U.S. at 610. In the present case, Mr. Roach was appointed Petitioner's appellate counsel,

5

but was permitted to withdraw without first filing an *Anders* brief. *Anders v. California,* 386 U.S. 738, 744 (1967). The *Anders* Court held that a court-appointed appellate counsel could move to withdraw if, following "a conscientious examination" of the case, appellate counsel determined that the case was "wholly frivolous." *Id.* The *Anders* Court stated that any request by appellate counsel to withdraw should "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.*

> A copy of this brief should be furnished to the defendant and time should be given to allow him to raise any points that he chooses. The Supreme Court indicated that the court, and not counsel, should decide, after a full examination of all the proceedings, whether the case is wholly frivolous. If the court makes such a finding, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned.

*David v. Birkett,* 05-71519, 2006 WL 2660763, *3 (E.D. Mich. Sept. 15, 2006) (citing *Anders v. California,* 386 U.S. at 744). The record does not contain any hearing transcripts relative to Mr. Roach's withdrawal in this case. There is a notation, however, on the trial court docket sheet that an order was entered granting Mr. Roach's motion to withdraw from Petitioner's case, but no docket entry relative to Mr. Roach filing anything on Petitioner's behalf relative to his appeal. Case law provides that an appellate counsel's failure to meet the *Anders'* requirements relative to withdrawing from representing a criminal defendant is presumptively prejudicial. *Allen v. United States,* 938 F.2d 664, 666 (6th Cir. 1991). Accordingly, withdrawing legal representation in this manner constitutes a constructive denial of Petitioner's right to appellate counsel on his first-tier appeal.

The dispositive questions for purposes of this order are: (1) whether Petitioner's *Halbert* claim is exhausted and/or procedurally defaulted; and (2) whether Petitioner's

6

judgment of conviction was final when *Halbert* was decided.  The Court will address these questions in turn.

### A. Claim Exhaustion and Procedural Default

Respondent argues that all of Petitioner's habeas claims, including his *Halbert* claim, are procedurally defaulted.  Because this issue is dispositive, the Court will address only the alleged procedural default of the *Halbert* claim.  Respondent alleges this claim has been procedurally defaulted because it has not been exhausted in state court and no avenue for exhaustion remains.  Petitioner already has filed one motion for relief from judgment in the trial court and, Respondent argues, pursuant to M.C.R. 6.502(G), he may not file a successive motion.  Respondent concludes that, because Petitioner's claims are unexhausted and he may not return to state court to exhaust these claims, he may not present these claims in a habeas petition unless he establishes cause and prejudice to excuse his default.  While it is true that, where a petitioner fails to exhaust state court claims and may not longer exhaust his claims in state court, he must establish cause and prejudice to present those claims in a federal habeas corpus petitioner, *see Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995), Petitioner *did* exhaust his state court remedies with respect to his *Halbert* claim.

To exhaust state court remedies for federal habeas review, state prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief.  *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  On November 26, 2003, Petitioner filed a Delayed Application for Leave to Appeal in the Michigan Court of Appeals in which he raised a claim that he was unconstitutionally denied his right to appointed appellate counsel in his first-tier

7

appellate review. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Hann*, No. 252386 (Mich. Ct. App. March 31, 2004). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court in which he again raised the claim that he was unconstitutionally denied counsel in his first-tier appellate review. The Michigan Supreme Court denied leave to appeal because the court "was not persuaded that the questions presented should be reviewed." *People v. Hann*, No. 126475 (Mich. Sept. 28, 2004).

Many of Petitioner's filings in state court were dismissed for various deficiencies, including failure to pay fees or failing to timely file appellate papers. However, Petitioner completed one full round of state court review by presenting his *Halbert*-related claim to the Michigan Court of Appeals and Michigan Supreme Court. Completion of one full round of state court review successfully exhausted this claim for federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that the exhaustion requirement is satisfied by invoking "one complete round of the State's established appellate review process."). In addition, neither Michigan appellate court denied relief based upon a state procedural bar. Thus, this claim also is not procedurally defaulted and the Court may address the merits of this claim: whether Petitioner was entitled to the protection of the Supreme Court's holding in *Halbert* that the Constitution "require[s] the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." 545 U.S. at 610.

This conclusion is contrary to the Court's prior rulings in its orders of September 7, 2007 (Docket Text # 55) and March 6, 2008 (Docket Text # 75). Accordingly, those orders are VACATED.

## B. Right to Appellate Counsel

The second dispositive question for purposes of this order is whether Petitioner's judgment of conviction was final when *Halbert* was decided. If so, Petitioner is not entitled to *Halbert's* protections and his petition was properly denied. *See Simmons*, 516 F.3d at 451 (holding that *Halbert* does not apply retroactively to cases proceeding on collateral habeas review). If, on the other hand, Petitioner's judgment of conviction was not final when *Halbert* was handed down, then he was improperly denied appellate counsel and is entitled to habeas relief. *See, e.g., Griffith v. Kentucky*, 479 U.S. 314, 322, 328 (1987) (noting that "failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication" and holding that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final").

Petitioner pleaded no contest on September 20, 2002 and was sentenced on December 6, 2002. Michigan Court Rule 7.205 governs the timing of an application for leave to appeal. The rule states that such an application "must be filed within 21 days after entry of the judgment or order to be appealed from." MCR 7.205(A). The rule also provides for a late appeal, which must be filed within 12 months from "entry of the order or judgment to be appealed from." *Id.* at (F)(3)(b). Michigan courts consistently have treated a late application for leave to appeal as part of the direct appeal process. *See, e.g., People v. Dekubber*, 743 N.W.2d 893, 894 (Mich. 2008) (holding that the defendant "was deprived of his *direct appeal*" when his counsel failed to file a brief within the deadline set forth in MCR 7.205(F), which governs late application for leave to file an appeal) (emphasis added); *People v. Clement*, 657 N.W.2d 172, 176 (Mich. Ct. App. 2002) (holding that "where an

9

appeal to the Court of Appeals is delayed by more than twelve months after judgment, *appeal is foreclosed* and defendant is limited to the post-appeal relief provisions under MCR 6.501 et seq. In essence, *a long delayed direct appeal* is treated as collateral.") (emphasis added and citation omitted).

Here, Petitioner filed a delayed application for leave to appeal on November 21, 2003. (Docket Text # 45, Part 3 at 31.) This was within 12 months of his sentencing date; accordingly, Petitioner's delayed application constituted a direct appeal under Michigan law. The application was denied by the Michigan Court of Appeals on March 31, 2004. Petitioner appealed to the Michigan Supreme Court, which denied his appeal on September 28, 2004. Petitioner sought certiorari from the United States Supreme Court; his petition was denied on October 3, 2005. *Hann v. Michigan*, 546 U.S. 838 (2005).

"A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). *Halbert* was decided on June 23, 2005, more than three months before Petitioner's cert petition was denied. Thus, Petitioner's judgment of conviction was not final when *Halbert* was handed down.

Accordingly, because Petitioner's case was not yet final on direct review when *Halbert* was decided, he was entitled to the protection of that case's holding; nonetheless, Petitioner was denied counsel for his first-tier appeal. This was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d). Petitioner is therefore entitled to habeas relief.

10

As a result, the Court's previous orders of April 22, 2008 (Docket Text # # 84, 86) and April 25, 2008 (Docket Text # 100) are VACATED.

**C. Remedy**

The court now must determine the proper remedy. The Court has "broad discretion in conditioning a judgment granting habeas corpus relief," and may dispose of habeas cases "as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quotation omitted). Further, the Supreme Court has affirmed the issuance of a conditional writ of habeas corpus that required a state court to grant the petitioner a new appeal of right where the petitioner received ineffective assistance of appellate counsel on direct review. *Evitts v. Lucey*, 469 U.S. 387 (1984). *See also Keyes v. Renico*, No. 05-71160, 2005 WL 2173212, *4 (E.D. Mich. Sept. 2, 2005) (Tarnow, J.) (holding that the appropriate remedy for a petitioner who was improperly denied counsel on first appeal was to issue a writ "conditioned upon the State of Michigan appointing counsel for the petitioner to prepare an application for leave to appeal and accepting said appeal for filing thereafter"); *Benoit v. Bock*, 237 F. Supp. 2d 804, 812 (E.D. Mich. 2003) (Lawson, J.) (conditionally granting writ based on ineffective assistance of appellate counsel and ordering that writ will be granted unless the "Michigan Court of Appeals reinstates the petitioner's appeal of right and appoints counsel").

The Court concludes that the appropriate remedy in this case is to conditionally grant a writ of habeas corpus. Within ninety (90) days from the date of this order, the State of Michigan should appoint counsel for Petitioner. Petitioner, through appointed counsel, should be permitted to file an application for leave to appeal in the Michigan Court of

Appeals. If counsel is not appointed or if the Michigan Court of Appeals does not accept the application for filing, Petitioner should seek further relief in this Court.

The Court has determined that Petitioner is entitled to provisional habeas relief on his appellate counsel claim and that the appropriate immediate relief is for Petitioner to be afforded appointed counsel and an opportunity to file an application for leave to appeal in the Michigan Court of Appeals. Based on these determinations and on the likelihood that the remaining claims presented by Petitioner will be presented to the state appellate court in Petitioner's new appeal, the Court will not address Petitioner's remaining claims for habeas corpus relief.

## IV. Conclusion

For the above-stated reasons, the petition for a writ of habeas corpus is CONDITIONALLY GRANTED IN PART. Within ninety (90) days from the date of this order, the State of Michigan shall appoint counsel for Petitioner. Appointed counsel shall file an application for leave to appeal in the Michigan Court of Appeals. If counsel is not appointed or if the Michigan Court of Appeals does not accept the application for filing, Petitioner should advise this Court, and the court will provide further relief as law and justice requires.

The Court's previous orders of September 7, 2007 (Docket Text # 55), March 6, 2008 (Docket Text # 75), April 22, 2008 (Docket Text # # 84, 86), and April 25, 2008 (Docket Text # 100) are hereby VACATED. Any pending or unresolved motions filed by Petitioner are DENIED AS MOOT.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: May 27, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2008, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager